UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
(Baltimore Division)

IN RE:                                        *

BLUE SUN SCIENTIFIC, LLC          *      No.  25-17998-DER
                                                         Chapter 11
            Debtor                              *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *


IN RE:                                        *

THE INNOVATIVE TECHNOLOGIES    *      No.  25-18000-DER
 GROUP & CO., LTD                          Chapter 11
                                                        *
            Debtor
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

DEBTORS' MOTION FOR JOINT ADMINISTRATION OF CASES

Blue Sun Scientific, LLC ("Blue Sun") and The Innovative Technologies Group & Co,

LTD ("ITG") (collectively, the "Debtors"), in their respective captioned cases, by their

undersigned counsel, jointly file this motion seeking entry of an Order providing for joint

administration of the Debtors' bankruptcy cases (the "Motion").  In support of their Motion, the

Debtors state as follows:

Jurisdiction and Venue

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      This Motion is made pursuant to section 105(a) of Title 11 of the United States

Code (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules").

Background

4.      On August 29, 2025 (the "Petition Date"), the Debtors each filed Voluntary Petitions for relief under Chapter 11 of the Bankruptcy Code, and, pursuant to §§ 1101, 1107, and 1108, will continue in the possession of their property and the management of their business affairs as Debtors-in-Possession.

5.      ITG  is a corporation that was formed under the laws of the State of Maryland on June 5, 1997.  Since that time, it has operated as a specialized manufacturer of process and quality control optical instruments serving the food and agriculture, packaging, and oil analysis industries.  Several of the instruments it manufactures are sole-source critical, highly technical, devices and components for companies that the ITG has served for more than 25 years including any technological upgrades.  ITG has designed, invented and manufactured successful NIR products for companies over the course of its 28 years in business. Including selling the Unity Scientific Spectrastar product line to Westco Scientific in 2008 ($5,000,000 in sales per year at peak).  After the selling of the Unity Spectrastar product line in 2008, ITG focused on continuing to provide the sole-source components, along with manufacturing consumables used in various analytical instruments and being a unique service provider for a variety instrumentation including support for instruments dating back to 1997.  Over the course of its existence, ITG and its employees have successfully patented at least five inventions that have been unique to the products provided to its customers.  One of those patents was assigned to, and remains property of, the Debtor.

6.      Blue Sun is a corporation that was formed under the laws of the State of Maryland on July 6, 2018.  Since that time, it has served as the exclusive sales agent for ITG's products.

ITG owns one hundred percent (100%) of the shares of Blue Sun and, for that reason, ITG and Blue Sun file consolidated tax returns.

7.      Both ITG and Blue Sun were running successful operation until they became involved in litigation with KPM Analytics North America Corporation ("KPM").  On April 5, 2021, KPM, a competitor of ITG, sued ITG, Blue Sun, and a number of individuals in the United States District Court for the District of Massachusetts (the "District Court"), asserting claims of trade secret misappropriation and tortious interference centered around the sales of the Phoenix NIR product line.  The initial basis of this lawsuit framed the accusations in a manner to imply that the technology for the ITG's product was stolen from KPM through the hiring of new employees.

8.      Suit was filed in Massachusetts notwithstanding the fact that neither ITG, Blue Sun, nor any of the other defendants were located in the Commonwealth of Massachusetts, and notwithstanding that there were no agreements between the parties or any of their predecessors that would have permitted jurisdiction to be proper in Massachusetts.

9.      On February 7, 2025, the District Court issued a final judgment in the litigation against ITG and Blue Sun.

10.     On February 26, 2025, ITG and Blue Sun engaged the service of Smith Duggan Cornell & Gollub LLP ("Smith Duggan") to handle the appeal from the Judgments that had been entered against them in the District Court.

11.     On March 4, 2025, Smith Duggan, on behalf of ITG and Blue Sun, noted an appeal from the Judgment entered by the District Court.  The appeal is currently pending in the United States Court of Appeals for the First Circuit and, based upon the schedule set by the First Circuit, the appellate Brief was due to have been filed on September 3, 2025.

12.     Based upon its research of the law and the facts, Smith Duggan is beyond optimistic that the Judgments against ITG and Blue Sun will be reversed due to the District Court's clear lack of jurisdiction over the defendants.  Smith Duggan also believes that there are significant errors relating to the substantive issues in the case.

13.     With the appeal pending, on July 30, 2025, KPM enrolled the Judgments against ITG and Blue Sun in the United States District Court for the District of Maryland and, without waiting the required 30 days to pursue collection action, sought and obtained Writs of Garnishment on the Debtor's bank accounts.

14.     It was that action that necessitated the two bankruptcy filings.

15.     In filing the bankruptcy cases, ITG and Blue Sun sought to obtain the benefit of the stay to continue their operations without threat of further garnishment ore other collection actions while the appeal is running its course.

16.     Upon the filing of the bankruptcy cases, the appellate proceedings were stayed pursuant to 11 U.S.C. § 362(a).  ITG and Blue Sun will be filing motions to permit the stay to be lifted so that the appellate case can proceed.

17.     If ITG and Blue Sun are successful in their appeal, and if they no longer have any obligation to KPM as a result, they will be able to decide whether to move towards confirmation of a Plan or, perhaps in the alternative, move for dismissal and address their legitimate creditors outside of bankruptcy.

18.     Either way, and pending resolution of the appeal, the ITG case and the Blue Sun cases will run on the same track.

Relief Requested

19.      In order to optimally and economically administer their pending cases, ITG and

Blue Sun (collectively the "Debtors") seek entry of an Order, pursuant to Bankruptcy Rule

1015(b), authorizing joint administration of the two cases with the case number assigned to Blue

Sun serving as the lead case.[1]

20.      Bankruptcy Rule 1015(b)(4) specifically provides that two or more bankruptcy

petitions filed by a debtor and its affiliates may be consolidated for joint administration.

21.      As a result of the relationship of the two Debtors, shared majority creditor, and

overlapping history of operations, the Debtors believe that joint administration of their cases

would be in the best interests of their respective estates.

22.      Joint administration of the cases should result in a significant reduction of

administrative expenses and simplify the administration of these cases for all parties, by reducing

the administrative burden of having to file multiple and duplicative pleadings.  Additionally,

judicial economy will clearly be served by joint administration. Finally, supervision of the

administrative aspects of the cases by the Office of the United States Trustee will be simplified.

23.      The Debtors do not seek substantive consolidation and no party in interest will be

prejudiced by the joint administration of these cases.

24.      Based on the foregoing, the joint administration of the Debtors' bankruptcy

proceedings is in the best interests of the Debtors, their creditors, and all parties in interest.

30.      Pursuant to Local Bankruptcy Rule 9013-2, the Debtors state that no

memorandum will be filed in support hereof, and they will rely solely upon this Motion.

WHEREFORE, Debtors, ITG and Blue Sun, request the entry of an Order providing for the joint administration of the cases under the case number assigned to Blue Sun; and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Maurice B. VerStandig
Maurice B. VerStandig,(#18071)
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com

Proposed Counsel for Blue Sun Scientific, LLC

\s\ Jeffrey M. Orenstein
JEFFREY M. ORENSTEIN (#07512)
Wolff & Orenstein, LLC
15245 Shady Grove Road, Suite 465
Rockville, Maryland  20850
(301) 250-7232
jorenstein@wolawgroup.com

Proposed Counsel for The Innovative Technologies
Group & Co, LTD

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September, 2025, a copy of the foregoing was served by electronic mail to:

Hugh M. Bernstein, Esq.
Office of the United States Trustee
101 W. Lombard Street
Suite 2625
Baltimore, Maryland 21202
hugh.m.bernstein@usdoj.gov

---

[1]     It is counsels' understanding and experience that where cases are jointly administered, the first case filed typically serves as the lead case going forward.

Carol J. Hulme, Esq.
General Attorney
Baltimore/Richmond Offices
Office of General Counsel
U.S. Small Business Administration
Carol-Ann.Hulme@sba.gov

Michael D. Nord, Esq.
Gebhardt and Smith, LLP
One South Street, Suite 2200
Baltimore, Maryland 21202
mnord@gebsmith.com

Timothy VanCisin, Esq.
Gebhardt and Smith, LLP
One South Street, Suite 2200
Baltimore, Maryland 21202
tvancisin@gebsmith.com


I hereby further certify that on the 10th day of September, 2025, a copy of the foregoing was served by first class mail to all parties on the mailing matrix filed in this case.


/s/ Jeffrey M. Orenstein
Jeffrey M. Orenstein