

Lincoln North
55 Old Bedford Road
Lincoln MA 01773-1125
Tel 617.228.4400
Fax 781.259.1112

Christopher A. Duggan

Chris.Duggan@SmithDuggan.com
617.228.4444 Direct

Case 25-17998 & 25-18000
EXHIBIT E-03

February 26, 2025

                **By Email Irvin@bluesunscientific.com**
                **and First Class Mail**

Mr. Irvin Lucas
President, Blue Sun Scientific, LLC
8017 Dorsey Run Road, Suite H
Jessup, MD 20794

Mr. Robert Wilt
Innovative Technology Group & Co.
8017 Dorsey Run Road, Suite H
Jessup, MD 20794

   Re: <u>Appeal From Final Judgment and Permanent Injunction</u>

Dear Mr. Lucas and Wilt:

   Thank you for asking Smith Duggan Cornell & Gollub LLP ("Smith Duggan") to represent President, Blue Sun Scientific, LLC ("Blue Sun") and Innovative Technologies Group & Co., Ltd. ("ITGC"), and the individual named defendants (jointly "Clients") in an appeal of a Final Judgment and Permanent Injunction in *KPM Analytics North America Corp. v. Blue Sun Scientific, LLC, the Innovative Technologies Group & Co., LTD, et al*., C.A.No.: 4:21-cv-10572-MRG. ("The KPM Analytics Dispute").  This assignment does not include any representation involving bankruptcy, insolvency, restructuring, or any re-trial of the case if the appeal if successful.

   This letter sets forth the terms of our engagement as your attorneys.  Unless modified in writing by mutual agreement, these terms will be an integral part of our agreement with you.  Therefore, please review this statement carefully and contact me promptly if you have any questions.  I suggest you retain this statement in your file.  If the terms are agreeable, please sign where provided, email me a copy, and return the signed original to my Lincoln office along with the retainer cheque.

# SMITH DUGGAN

Blue Sun Scientific, LLC & Innovative Technologies Group
Re: Appeal From Judgment
February 26, 2025
Page 2

1. <u>Scope of our Work</u>.

Smith Duggan will represent the Clients in matters arising out of the Claims. At all times, Smith Duggan will provide services promptly and zealously within the bounds of the law. Our representation will commence upon receipt of the signed Engagement Agreement and the retainer deposit as set forth below. Any expressions on our part concerning the outcome of legal matters are expressions of our best professional judgment but are not guarantees. Such opinions are necessarily limited by our knowledge of the facts and are based on the state of the law at the time they are expressed.

2. <u>Point of Contact.</u>

Each of you will be our points of contact unless otherwise notified in writing. You each have actual authority to make decisions in this matter. We will assume that communication with either of you, individually, will suffice to transmit information to both Clients unless otherwise stated.

3. <u>Approach, Case Staffing and Rates.</u>

While I will be lead counsel on the file, I may work with my partner, Dana Zakarian and/or other attorneys in the Firm, who will assist in this representation as needed. Please feel free to contact any of us at any time with any questions concerning anything relating to the matter we are handling for you. Our Firm strives to always provide all clients with unparalleled legal services. If at any time you are concerned about the quality of our representation, the services we are providing, the timing or responsiveness of our attorneys, or in any other respect with the services provided by the firm, please contact one of us personally. We will address your concerns promptly.

On occasion, other attorneys and legal assistants in the firm may assist on the file, depending upon the nature of the assignment and the expertise required. If practicable I will advise you of the names of those attorneys and legal assistants who work on your behalf and, promptly apprise you of any changes to case staffing.

# SMITH DUGGAN

Blue Sun Scientific, LLC & Innovative Technologies Group
Re: Appeal From Judgment
February 26, 2025
Page 3

    4. <u>Our billing rates through calendar year 2025</u>:

| | |
|---|---|
| Christopher Duggan, Founding Partner | $700/hr |
| Dana Zakarian, Partner | $650/hr |
| Christopher Hurst, Partner | $550/hr |
| Associates | $450/hr |
| Legal Assistants | $350/hr |

    We will keep accurate records of the time we devote to this matter, including conferences (both in person and over the telephone), negotiations, factual and legal research and analysis, document preparation and revision, travel on behalf of the Clients, and other related matters. We record our time in units of tenths of an hour.

    The hourly rates of our attorneys and legal assistants are reviewed annually to reflect current levels of legal experience, changes in overhead costs, and other factors. Many of our attorneys have developed special expertise in a particular area of law and are able to deliver services in their specialty area with greater efficiency.

    We are often requested to estimate the amount of fees and costs likely to be incurred in connection with a particular matter. Whenever possible we will furnish such an estimate based upon our professional judgment, but always with a clear understanding that it is not a maximum or fixed fee quotation.

    5. <u>Out-Of-Pocket-Expenses</u>.

    We typically incur and pay on behalf of our clients a variety of out-of-pocket costs arising in connection with legal services. These include charges assessed by courts, government agencies and service vendors, as well as copy charges. Whenever such costs are incurred, we carefully itemize and bill them.

    Typical of such costs are filing fees, expert fees, electronic discovery fees, printing and reproduction costs, transcript costs, witness fees, travel expenses, messenger, courier, express delivery charges and long-distance telephone charges. On-line legal or factual research might also be included. When outside experts, investigators or consultants are necessary, fees for those services are the responsibility of the Clients directly unless other arrangements for billing have

SMITH DUGGAN

Blue Sun Scientific, LLC & Innovative Technologies Group
Re: Appeal From Judgment
February 26, 2025
Page 4

been made. We will retain experts, investigators or consultants, or incur any unusual or significant expenses on the file, only after notice, consultation and your approval on the Clients' behalf.

We incur outside costs and incur internal expenses on your behalf. We do not mark up those costs if they are reimbursed promptly. Clients agree that these costs will always be paid on a regular basis in accordance with this agreement.

6. <u>Retainer Deposit</u>.

New clients of the Firm are commonly asked to deposit a retainer with the firm in an amount equal to the fees and costs to be charged in a one-month period. In this instance, we request a $60,000 retainer to be paid in three installments: (1) $20,000 upon signing; (2) $20,000 on or before April 7, 2025; and (3) $20,000 on or before May 5, 2025. Starting in June 2025, Clients will furnish $20,000 per month thereafter, which will be applied against the monthly billing relating to this matter. Any unused portion will be applied towards next month's bill. If the retainer deposit proves insufficient to cover current expenses and fees on at least a one-month basis, it may be necessary to increase it.

7. <u>Other Trust Deposits</u>.

This paragraph probably will not apply to you, but I am compelled to include it just in case. If, during our representation, we do receive deposits from you other than in payment for legal services or reimbursement for costs, those deposits will be placed in a trust account on the Clients' behalf. Normally we place such deposits in our unsegregated, non-interest-bearing trust account (known as an "IOLTA Account"). Upon your written request, large deposits that are not on deposit for a short time will be deposited in a segregated trust account for your benefit, and the interest that accrues will be added to the deposit for your benefit. You should consult with a tax professional if this will have any tax consequences.

Deposits that are received to cover specific items will be disbursed as provided in our agreement with you, and you will be notified from time to time of the amounts applied or withdrawn. Any amount remaining after disbursement will be returned to you promptly.

8. <u>Privileged Communications and Other Issues</u>.

Communications with Smith Duggan concerning this engagement are privileged and confidential in accordance with applicable law and we advise you that you should not discuss them with anyone else except in confidence with another attorney who represents you. If you do, that privilege may be lost. Private and personal information that we obtain during the course of this

SMITH DUGGAN

Blue Sun Scientific, LLC & Innovative Technologies Group
Re: Appeal From Judgment
February 26, 2025
Page 5

engagement will be collected, handled, protected or disclosed in accordance with the Firm's Privacy Policy.

In addition, unless otherwise agreed, you agree that we may communicate with you by unencrypted email and you agree to provide us with an email address to which our confidential communications may be sent. On occasion clients choose to create a unique email address for all legal communications concerning an engagement and any lawsuit, so that privileged communications are not intermingled with other communications concerning your business or other matters. Please let me know which email address you would like us to use. Obviously, you should not forward privileged emails concerning this matter to third parties or the attorney-client privilege may be lost.

Clients agree also to cooperate with us in this engagement, disclose fully and accurately all facts, keep us apprised of all developments, and be available to attend meetings, conferences and other proceedings concerning this matter. You also agree to keep us informed with their current contact information and agree not to make any material misrepresentation concerning any matter relevant to our representation. We cannot guarantee of the outcome of this engagement or the amount of time or the costs that will be necessary to bring this engagement to a conclusion.

Retention of documents and other potential evidence is an important matter. Courts have held that once a party reasonably anticipates litigation, the party must suspend its routine document retention and destruction policies and put in place a "litigation hold" to ensure the preservation of documents relevant to that litigation. Given the information you have provided, you should preserve and not delete any email, electronic communications or even social media entries (such as Linkedin or Facebook entries) or other documents that concern the matters at issue. As with other issues, if you have any questions about this, please let us know.

Clients acknowledge that Smith Duggan lawyers working on this case may at times seek confidential advice from other lawyers associated with Smith Duggan or independent of Smith Duggan about their ethical and legal obligations, and that such communications need not be disclosed to you and are not part of the client file. You will not be charged any fees or expenses associated with our seeking such advice.

9. <u>Termination.</u>

Our representation will terminate upon the issuance of the invoice marked "Final Invoice," and at that point the attorney-client relationship will end. Your files will be handled with reasonable care in accordance with Smith Duggan's Client File Retention Policy or as we otherwise agree.

SMITH DUGGAN

Blue Sun Scientific, LLC & Innovative Technologies Group
Re: Appeal From Judgment
February 26, 2025
Page 6

Clients may, of course, terminate our representation at any time, with or without cause, by notifying us in writing. If such termination occurs, your papers and property will be returned promptly upon receipt of payment for outstanding fees and costs, and we will retain a copy of the files pertaining to your matters. Termination of our legal services rendered may cause us to incur additional legal fees and out-of-pocket costs in connection with an orderly transition of the matter. You agree to pay those reasonable fees and costs.

We are subject to the Massachusetts Rules of Professional Conduct, which list several types of conduct or circumstances that require or allow us to withdraw from representing a client, including among them nonpayment of fees or costs, misrepresentation or failure to disclose material facts, action contrary to our advice, or conflicts of interest with respect to the representation of other clients of our firm. We try to identify in advance and discuss with you any situation that may lead to our withdrawal, and if withdrawal becomes necessary, we will notify Clients of our withdrawal promptly and the reasons for our action. Our ability to withdraw from any lawsuit in which we have entered an appearance for you may be subject to approval from the appropriate court, if, of course, the matter is in litigation and we have entered an appearance for you.

10.   Billing Arrangements and Terms of Payment.

We will bill you at the address on this Engagement Letter monthly for both fees and disbursements unless we have a written agreement to the contrary. You each agree to make payment within thirty (30) days of the date on invoice. Unpaid fees and disbursements accrue interest at the rate (non-compounded) of one per cent (1%) per month (12% per year) from the beginning of the month in which the unpaid amounts become overdue.

If you dispute any of the charges on an invoice, you agree to notify the Firm of the dispute promptly and every effort will be made to address the disputed items to your satisfaction. You agree to pay promptly the undisputed balance of the invoice. We have found that, almost always, questions about invoices can be resolved easily and promptly in this manner.

If Clients do not indicate a dispute with any portion of an invoice, in writing, within 45 days after transmittal by the firm, the parties agree that the invoice will be deemed accepted by you.

We will rebill if your account becomes delinquent and will ask you to bring the account current. If the delinquency continues and the Clients do not arrange satisfactory payment terms, we will withdraw from the representation (with approval of the court, if necessary) and pursue collection of the account. You agree, also, to pay the any service charges, and the costs of

# SMITH DUGGAN

Blue Sun Scientific, LLC & Innovative Technologies Group
Re: Appeal From Judgment
February 26, 2025
Page 7

collecting the debt, including court costs, filing fees, and reasonable attorneys' fees, required to collect unpaid invoices.

      11. <u>Questions About Your Bill</u>.

If you have questions about a bill for our services, we ask that you first address the question with lead attorney contact or with the Firm's accounting department. Typically, questions are easily resolved.

      12. <u>Jurisdiction and Choice of Law.</u>

This Agreement and any matters or issues related to this engagement are governed by the laws of the Commonwealth of Massachusetts, exclusive of its laws concerning conflicts of laws. Any action relating to the matters covered in this Agreement, or the legal services provided pursuant to this Agreement, may only be brought in a court in the Commonwealth of Massachusetts having appropriate jurisdiction. Clients consent to jurisdiction in the Commonwealth of Massachusetts before any court in which jurisdiction is otherwise proper.

Thank you for choosing Smith Duggan to assist you. We look forward to working with you towards a successful and satisfactory resolution of the complex issues presented.

                        SMITH DUGGAN CORNELL & GOLLUB LLP

                        By_____
                            Christopher A. Duggan, Partner

**ACCEPTANCE**

I have read the foregoing, understand the terms and conditions thereof, and agree to these terms and conditions personally and on behalf of Blue Sun Scientific, LLC, and have actual authority to enter into this agreement on Blue Sun's behalf.

_____
Irvin Lucas
President
Blue Sun Scientific, LLC

# SMITH DUGGAN

Blue Sun Scientific, LLC & Innovative Technologies Group
Re: Appeal From Judgment
February 26, 2025
Page 8

Date: 3/14/25

## ACCEPTANCE

I have read the foregoing, understand the terms and conditions thereof and agree to these terms and conditions personally and on behalf of Innovative Technology Group & Co., and have actual authority to enter into this agreement on Innovative Technology's behalf.

*Robert Wilt*
Innovative Technology Group & Co.

Date: 3/14/25