**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| In re:<br><br>BLUE SUN SCIENTIFIC, LLC,<br><br>THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD,<br><br>       Debtors. | Jointly Administered Under<br><br>Case No. 25-17998-DER (Lead Case)<br><br>Case No. 25-18000-DER<br><br>Chapter 11 |
| BLUE SUN SCIENTIFIC, LLC,<br><br>and<br><br>THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD,<br><br>       Movants,<br><br>v.<br><br>KPM ANALYTICS NORTH AMERICA CORPORATION<br><br>       Respondent. | |

**OBJECTION TO DEBTORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**TO PERMIT CONTINUANCE OF APPELLATE PROCEEDINGS IN THE UNITED**
**STATES COURT OF APPEALS FOR THE FIRST CIRCUIT**

KPM Analytics North America Corporation ("KPM"), by and through undersigned counsel, files its Objection to Debtors' Motion for Relief from the Automatic Stay to Permit Continuance of Appellate Proceedings in the United States Court of Appeals for the First Circuit ("Objection") and in support states as follows:

1

**Introduction**

As explained in prior submissions, this case is a two-party dispute between KPM, and the jointly administered debtors Blue Sun Scientific, LLC ("Blue Sun") and The Innovative Technologies Group & Co., LTD ("ITG" together with Blue Sun, the "Debtors"). The Debtors are using the bankruptcy code as a means to usurp established rules of procedure to obtain a bondless appeal of the multi-million-dollar monetary judgment entered against them by the United States District Court for the District of Massachusetts ("USDC Massachusetts"). As such, the Debtors' Motion for Relief from the Automatic Stay to Permit Continuance of Appellate Proceedings in the United States Court of Appeals for the First Circuit [Dkt. No. 32] ("Motion") should be denied.

**Factual and Procedural Background**

This bankruptcy case follows KPM's successful prosecution of claims against the Debtors for misappropriation of trade secrets, tortious interference, and statutory violations for unfair trade practices in the USDC Massachusetts in the case styled as *KPM Analytics North America Corp. v. Blue Sun Scientific, LLC, et al.*, Case Number 4:21-cv-10572-MRG (D. Mass.) (the "Massachusetts Case").

In February 2025, following a 9-day jury trial, the USDC Massachusetts entered a permanent injunction and monetary judgments against ITG and Blue Sun, jointly and severally, in the principal amount of $3 million, plus an additional judgment against ITG in the amount of $3.6 million, plus an additional $1.5 million in attorneys' fees, over $271,000 in costs, as well as pre- and post-judgment interest (collectively the "Judgment").

On March 4, 2025, the Debtors noted an appeal to the United States Court of Appeals for the First Circuit, commencing case number 25-1222 (the "Appeal").

Neither of the Debtors sought a stay of enforcement pending appeal, despite the familiar procedure available under the Federal Rules of Civil Procedure – namely, by posting a *supersedeas* bond. *See* Fed. R. Civ. P. 62(b).

Shortly after KPM registered the judgment in this District and began enforcement efforts, on or about August 29, 2025, the Debtors commenced the above-captioned cases by filing voluntary petitions under Chapter 11 of the Bankruptcy Code.

On or about October 31, 2025, the Court entered an Order Authorizing Employment of Smith Duggan Cornell & Gollub LLP ("Smith Duggan") as Special Counsel for Debtors [Dkt. No. 30] (the "Employment Order"), which overruled KPM's objection to the Debtors' Applications to employ Smith Duggan.

On November 21, 2025, the Debtors filed their Motion.

On December 1, 2025, the Debtors filed a Motion for an Order Extending Exclusive Periods to File Plans of Reorganization and Obtain Acceptances Thereto [Dkt. No. 34] (the "Exclusivity Motion"), requesting an extraordinary nine (9) month extension of the exclusivity period.[1]

### Opposition to Motion for Relief From Stay

1.      Paragraph 1 of the Motion consists of the Debtors' conclusions of law concerning the jurisdiction of this Court to which no response is necessary.  To the extent a response is required, KPM consents to the jurisdiction of this Court.

---

[1] The requested 9-month extension is predicated on the potential resolution of Debtors' appeal to the First Circuit.  There is reason to doubt that the appeal – for which briefs have not been submitted – will be resolved so quickly.  The length of the Debtors' request is further evidence of the two-party nature of this case and Debtors' misuse of the bankruptcy process.

2.      Paragraph 2 of the Motion consists of the Debtors' conclusions of law concerning the appropriate venue for resolving their Motion to which no response is necessary. To the extent a response is required, KPM consents to the jurisdiction and venue of this Court.

3.      Paragraph 3 of the Motion consists of the Debtors' conclusions of law concerning the specific section of the Bankruptcy Code, Bankruptcy Rules, and Local Rules under which the Motion is filed, to which no response is necessary.

4.      KPM admits the allegations set forth in paragraph 4 of the Motion.

5.      KPM admits that ITG is a Maryland corporation. KPM is without sufficient information to admit or deny the remaining allegations contained in paragraph 5 of the Motion, and to the extent a response is required all other allegations are denied.

6.      KPM admits that Blue Sun is a Maryland limited liability company. KPM is without sufficient information to admit or deny the remaining allegations contained in paragraph 6 of the Motion, and to the extent a response is required all other allegations are denied.

7.      KPM admits that it sued the Debtors, among others, in the Massachusetts Case on or about April 5, 2021. KPM is without sufficient information to admit or deny the remaining allegations in paragraph 7, and to the extent a response is required all remaining allegations are denied.

8.      KPM admits that the Massachusetts Case was litigated in the USDC Massachusetts. KPM denies all remaining allegations contained in paragraph 8, and as determined by the USDC Massachusetts, that Court's personal jurisdiction over the Defendants was proper. *See* Massachusetts Case, Order and Memorandum on Defendants' Motions to Dismiss [Dkt. No. 64].

9.      KPM admits the allegations contained in paragraph 9 of the Motion.

10.     KPM admits that Smith Duggan represented the Debtors in the Appeal.

11.     KPM admits the allegations contained in paragraph 11 of the Motion.

12.     Paragraph 12 of the Motion contains legal conclusions to which no response is required.  To the extent a response is required, all allegations are denied.  Jurisdiction over the Defendants in the Massachusetts Case was proper as decided by the USDC Massachusetts.  *See* Massachusetts Case, Order and Memorandum on Defendants' Motions to Dismiss [Dkt. No. 64].

13.     Paragraph 13 of the Motion contains a statement of law to which no response is required.  To the extent a response is required, KPM denies the allegations.

14.     Paragraph 14 contains a statement of intention by the Debtors to which KPM admits.  In further support, and as discussed below, the above-captioned cases constitute an abuse of the bankruptcy system.  The Debtors had means available outside of bankruptcy to pursue the Appeal.

15.     Paragraph 15 contains a statement of law to which no response is required.

16.     Paragraph 16 contains a conclusion of law to which no response is required.

17.     Paragraph 17 contains a statement of law to which no response is required.

18.     Paragraph 18 contains a statement of law to which no response is required.

19.     Paragraph 19 contains a statement of law to which no response is required.

20.     Paragraph 20 contains a statement of law to which no response is required.

21.     Paragraph 21 contains a conclusion of law to which no response is required. To the extent a response is required, KPM denies the allegations.

22.     KPM admits that it was contacted, through counsel, by the Debtors, and did not consent to relief from the automatic stay.  KPM admits that ITG filed, and later withdrew, a

motion for relief from the automatic stay and an application to employ Smith Duggan. All remaining allegations in paragraph 22 are denied.

23.     KPM admits the allegations in paragraph 23.

24.     KPM admits the allegation in paragraph 24 that the Debtors withdrew their initial motions for relief from stay.   KPM is without sufficient knowledge to admit or deny the motivation why the initial motions were withdrawn, and denies all remaining allegations.

25.     KPM admits the allegation in paragraph 25 that it objected to the applications to employ Smith Duggan.  All remaining allegations are denied.

26.     KPM admits the allegation in paragraph 26 that its objection to the employment of Smith Duggan by the Debtors was overruled.

27.     KPM admits the allegations in paragraph 27.

28.     KPM admits the allegations in paragraph 28.

29.     Paragraph 29 contains a conclusion of law to which no response is required. To the extent a response is required, KPM denies the allegations.

## Legal Argument in Support of Opposition

30.     KPM opposes Debtors' request for relief from the automatic stay to continue the Appeal.

31.     Pursuant to Section 362(d)(1) of the Bankruptcy Code, a party in interest may seek to have the automatic stay lifted "for cause."   11 U.S.C. § 362(d)(1).  A determination of cause is made on a case-by-case basis. *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992).

32.     Notwithstanding the existence of established procedures for staying enforcement of a judgment pending appeal outside of bankruptcy, the Debtors never sought such a stay of enforcement before the USDC Massachusetts or the First Circuit.

33.     Specifically, Federal Rule of Civil Procedure 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). The Debtors never filed a motion seeking a stay pending appeal in the Massachusetts Case.

34.     Similarly, Federal Rule of Appellate Procedure 8(a)(2)(E) provides a process through which an appellant, who sought but was denied a stay pending appeal by the district court, to request a stay pending appeal from the appellate court: "[t]he court ***may*** condition relief on a party's filing a bond or other security in the district court." (emphasis added). The Debtors could have obtained a stay pending appeal from the First Circuit without posting a bond, yet chose not to file *any* request with the First Circuit seeking a stay of enforcement.

35.     Circumventing these appropriate avenues for relief, the Debtors instead have invoked the extraordinary power of the Bankruptcy Code to stay KPM's collection efforts without posting a *supersedeas* bond. The Debtors candidly admit as much in their Motion: "[i]n filing their bankruptcy cases, [they] sought to obtain the benefit of the stay to continue their operations without threat of further garnishment or other collection actions while the appeal is running its course." Motion, ¶ 14.

36.     As highlighted in KPM's prior opposition to the employment of Smith Duggan, at core, this case is a two-party dispute between KPM and the Debtors. Yet it is well-established that "[t]wo-party disputes (where the two sides are a single creditor on one side and the debtor, its management and owners on the other) are not appropriate vehicles for invoking the

Bankruptcy Code's chapter 11 provisions." *In re N. Vermont Assocs., L.P.*, 165 B.R. 340, 343 (Bankr. D.D.C. 1994).  Simply put, the above-captioned cases are not the appropriate means for halting KPM's collection efforts, and the Debtors are using the Bankruptcy Code as an end-run around the Federal Rules of Civil and Appellate Procedure.

37.    Additionally, the Debtors' Exclusivity Motion reveals that the Debtors wish to maintain the exclusive right to file a Chapter 11 plan through at least September 2026—a **year** after the filing of this case.  Given the Debtors' plain representations in the Motion that the Appeal is driving strategy decisions for the bankruptcy cases, it is clear that the Debtors do not intend to effect a speedy and efficient reorganization.  If, and only if, the Appeal turns out badly for the Debtors, will they address the need to pay KPM's Judgment.  The Debtors appear satisfied to remain in bankruptcy for the foreseeable future to allow the Appeal to play itself out while simultaneously keeping KPM from introducing a Chapter 11 plan or otherwise enforcing its Judgment.

38.    Ultimately, the Debtors' conduct confirms that they are attempting to use Chapter 11 as a substitute for paying an appellate bond.  Courts have repeatedly rejected this tactic, refusing to permit a debtor to file bankruptcy to evade posting an appellate bond while simultaneously continuing to litigate.  Although this issue most often arises on motions to dismiss for bad faith, the same principle applies here and weighs strongly against granting the Motion. *In re Karum Group, Inc.*, 66 B.R. 436, 438 (Bankr. W.D. Wash. 1986) (holding that "a debtor may not use a Chapter 11 filing as a litigation tactic to avoid the posting of a supersedeas bond."); *In re Wally Findlay Galleries (New York), Inc.*, 36 B.R. 849, 851 (Bankr. S.D.N.Y. 1984) ("The debtor filed its petition herein to avoid the consequences of adverse state court decisions while it continues litigating. This court should not, and will not, act as a substitute for a

8

supersedeas bond of state court proceedings."); *In re Cinnabar 2000 Haircutters, Inc.*, 20 B.R. 575, 577 (Bankr. S.D.N.Y. 1982) (noting a debtor may not use the automatic stay as a strategy device to circumvent its failure to obtain a stay pending appeal). Here, the Debtors are seeking to enjoy all the benefits of the automatic stay, while simultaneously avoiding the consequences of an adverse judgment and holding their largest creditor at bay for an extended period to permit the Appeal to play out. This strategy should not be permitted.

39.     In support of the Motion the Debtors cite *In re Meredith*, 337 B.R. 574, 577 (Bankr. E.D. Va. 2005) for the proposition that the Appeal is the only means by which KPM's Judgment can be challenged. While KPM recognizes the Debtors' assertion that the First Circuit is the sole appropriate venue to challenge the Judgment, such a challenge can be done without invoking the powers of the Bankruptcy Code. As such, the Motion should be denied. If the Court is inclined to grant stay relief, then complete relief should be given and KPM should be allowed to collect on its Judgment.

## Conclusion

For the foregoing reasons, KPM respectfully requests the Court enter an order denying the Motion and granting KPM such other relief the Court deems proper.

[Signatures follow]

Dated December 5, 2025

Respectfully submitted,

*/s/ Addison J. Chappell*
Addison J. Chappell, Esq. (#21852)
Michael B. Brown, Esq. (#19641)
Patricia B. Jefferson, Esq. (#27668)
MILES & STOCKBRIDGE P.C.
100 Light Street, 7th Floor
Baltimore, MD 21202
Telephone: (410) 385-3481
Telephone: (410) 385-3663
achappell@milesstockbridge.com
mbbrown@milesstockbridge.com
pjefferson@milesstockbridge.com

*Counsel for KPM Analytics*
*North America Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 5, 2025, a copy of the foregoing Objection together with the proposed order was served on all parties requesting service in this case via this Court's CM/ECF electronic noticing system as follows:

- **Hugh M. (UST) Bernstein**    hugh.m.bernstein@usdoj.gov
- **Michael Benjamin Brown**    mbbrown@milesstockbridge.com, jdiaz@milesstockbridge.com
- **Addison J. Chappell**    achappell@milesstockbridge.com
- **Michael David Nord**    mnord@gebsmith.com
- **Jeffrey M. Orenstein**    jorenstein@wolawgroup.com
- **US Trustee - Baltimore**    USTPRegion04.BA.ECF@USDOJ.GOV
- **Timothy VanCisin**    tvancisin@gebsmith.com
- **Maurice Belmont VerStandig**    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email


*/s/ Addison J. Chappell*
Addison J. Chappell

11