# EXHIBIT C

000001\1010382\4860-2914-7469.v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KPM ANALYTICS NORTH AMERICA
CORPORATION,
          *Plaintiff.*

V.

BLUE SUN SCIENTIFIC, LLC, THE
INNOVATIVE TECHNOLOGIES GROUP &
CO., LTD., ARNOLD EILERT, ROBERT
GAJEWSKI, RACHAEL GLENISTER, AND
IRVIN LUCAS,

          *Defendants.*

Civil Action No. 21-CV-10572-MRG

## CHARGE TO THE JURY

## VERDICT FORM

We, the jury, unanimously return the following verdict:

### PLAINTIFF KPM'S CLAIMS

*Trade Secret Misappropriation Claims*

**Question 1**: Has KPM Analytics North America Corporation ("KPM") proven, by a preponderance of the evidence, that any of the following items constitute trade secrets under the Defend Trade Secrets Act and the Massachusetts Uniform Trade Secrets Act:

| | | |
|---|---|---|
| a. UCal software | ✓ Yes | _____ No |
| b. Calibration datasets | ✓ Yes | _____ No |
| c. Customer information | ✓ Yes | _____ No |

1

*If you answered "Yes" to any of the above, continue to Question No. 2.*

*If you answered "No" to all of the above, **STOP**, and continue to Question No. 5.*

**Question 2**: Did KPM prove, by a preponderance of the evidence, that it took reasonable steps to preserve the secrecy of the item(s) that you identified as constituting trade secrets in **Question 1**?

__✓__  _____
Yes           No

*If you answered "Yes," continue to Question No. 3.*

*If you answered "No," **STOP**, and continue to Question No. 5.*

**Question 3**: Did KPM prove, by a preponderance of the evidence, that Blue Sun, ITG, Arnold Eilert, Robert Gajewski, Rachael Glenister, Irvin Lucas, or any combination of the Defendants misappropriated any of the item(s) that you determined constituted a trade secret in **Question 1**?

*If so, please indicate who misappropriated which trade secret(s) by writing "Yes" in the appropriate boxes below. Please write in "No" where appropriate.*

| Did Defendant... | Misappropriate UCal Software? | Misappropriate Calibration datasets? | Misappropriate Customer information? |
|---|---|---|---|
| Blue Sun | Yes | Yes | Yes |
| ITG | No | No | No |
| Arnold Eilert | Yes | Yes | No |
| Robert Gajewski | Yes | Yes | Yes |
| Rachael Glenister | No | No | Yes |
| Irvin Lucas | Yes | Yes | Yes |

2

**Question 4**: For Defendants for whom you answered "Yes" in Question No. 3, what total sum of money do you find would fairly and reasonably compensate KPM for the damage caused by that Defendant's misappropriation of trade secrets.

Please write in the amount in dollars and cents (if any) in the space below.

As to Blue Sun (if applicable) $ _1.5m  One million five hundred thousand_

As to ITG (if applicable) $ _0  zero_

As to Arnold Eilert: (if applicable) $ _2,500  Two thousand five hundred_

As to Robert Gajewski: (if applicable) $ _15,000  fifteen Thousand_

As to Rachael Glenister: (if applicable) $ _10,000  ten Thousand_

As to Irvin Lucas: (if applicable) $ _20,000  twenty Thousand_

*Alleged Breach of Contractual Non-Disclosure Obligations*

**Question 5**: Did KPM prove, by a preponderance of the evidence, that any of the following is KPM's confidential information: names, addresses, contact persons, purchasing histories and prices, credit standing and other information relating to KPM's clients or prospective clients and their personnel; current, past, potential or prospective prices, costs, profits, markets, products, and innovations; business expansion plans, including business development; internal practices and procedures; trade secrets; technologies, developments, inventions or improvements; and any other information relating to the business of KPM or its clients, including, without limitation, information related to detection systems operating in the range from ultraviolet through infrared, and/or any similar or related products, inventions or improvements which employ discrete testing technology or any other detection systems either developed or acquired by KPM?



_✓_      _____
Yes      No

*If you answered "Yes,", continue to Question No. 6.*

*If you answered "No", **STOP**, and continue to Question No. 8.*

3

**Question 6**: Did KPM prove, by a preponderance of the evidence, that Arnold Eilert, Robert Gajewski, Rachael Glenister, Irvin Lucas, or any combination of the Individual Defendants breached their Non-Disclosure Agreements by taking action with respect to any of the items that you determined to be KPM confidential information in **Question 5**?

As to Arnold Eilert:     YES __✓__  NO _____

As to Robert Gajewski:   YES __✓__  NO _____

As to Rachael Glenister: YES __✓__  NO _____

As to Irvin Lucas:       YES __✓__  NO _____

*If you answered "Yes" to any of the above, continue to Question No. 7.*

*If you answered "No" to all of the above, STOP, and continue to Question No. 9.*

**Question 7**: Did KPM prove, by a preponderance of the evidence, that it suffered damages as a result of the breach(es) that you indicated in your answer to Question 5?

__✓__      _____
 Yes          No

*Alleged Violation of the Covenant of Good Faith and Fair Dealing*

**Question 8**: Did KPM prove, by a preponderance of the evidence, that Arnold Eilert, Robert Gajewski, Rachael Glenister, Irvin Lucas, or any combination of the Individual Defendants violated the implied covenant of good faith and fair dealing owed to KPM?

As to Arnold Eilert:     YES __✓__  NO _____

As to Robert Gajewski:   YES __✓__  NO _____

As to Rachael Glenister: YES __✓__  NO _____

As to Irvin Lucas:       YES __✓__  NO _____

4

*Alleged Violation of the Duty of Loyalty*

**Question 9**: Did KPM prove, by a preponderance of the evidence, that any of the Individual Defendants owed KPM a duty of loyalty?

| | | |
|---|---|---|
| As to Arnold Eilert: | YES _____ | NO ___✓___ |
| As to Robert Gajewski: | YES _____ | NO ___✓___ |
| As to Rachael Glenister: | YES _____ | NO ___✓___ |
| As to Irvin Lucas: | YES _____ | NO ___✓___ |

**Question 10**: Did KPM prove, by a preponderance of the evidence, that any of the Individual Defendants that owed KPM a duty of loyalty breached that duty?

| | | |
|---|---|---|
| As to Arnold Eilert: | YES _____ | NO ___✓___ |
| As to Robert Gajewski: | YES _____ | NO ___✓___ |
| As to Rachael Glenister: | YES _____ | NO ___✓___ |
| As to Irvin Lucas: | YES _____ | NO ___✓___ |

*If you answered "Yes" to Question 6, Question 7, Question 8, and/or Question 10, please continue to Question No. 11.*

*If you answered "No" to Question 6, Question 7, Question 8 and Question 10, **STOP**, and continue to Question No. 12.*

*Contract Damages*

**Question 11**: With respect to only those Individual Defendants for whom you answered "Yes" to Question Nos. 6, 7, 8, and/or 10, what total sum of money do you find would fairly and reasonably compensate KPM for the damage caused by those Individual Defendants' contractual breach(es)? Please write in the amount in dollars and cents (if any) in the space below.

As to Arnold Eilert:  $ __2,500 two thousand five hundred__
(if applicable)

5

As to Robert Gajewski: $ 15,000 fifteen thousand
(if applicable)

As to Rachael Glenister: $ 10,000 ten thousand
(if applicable)

As to Irvin Lucas: $ 20,000 twenty thousand
(if applicable)

*Alleged Tortious Interference with Contractual Relations*

**Question 12**: Did KPM prove, by a preponderance of the evidence, that either Blue Sun or ITG or both tortiously interfered with KPM's contractual relationships in a way or ways that caused KPM economic harm?

*Answering "Yes" below indicates a finding for KPM.*

*Answering "No" below indicates a finding for the Defendant(s).*

As to Blue Sun:    YES ✓    NO _____

As to ITG:         YES ✓    NO _____

*If you answered "Yes" to Question 12, continue to Question No. 13.*

*If you answered "No" to all of the above, STOP, and continue to Question No. 14.*

**Question 13**: What amount of money would fairly and reasonably compensate KPM for the economic harm that this tortious inference caused?

As to Blue Sun: $ 1.5m one million five hundred thousand
(if applicable)

As to ITG: $ 1.8m one million eight hundred thousand
(if applicable)

6

*Unfair and Deceptive Trade Practices (Chapter 93A)*

**Question 14**: Did KPM prove, by a preponderance of the evidence, that either Blue Sun or ITG or both engaged in any competition, or any attempt at competition, using unfair or deceptive acts or unfair methods of competition in the conduct of trade or commerce?

As to Blue Sun:            YES __✓__       NO _____

As to ITG:                 YES __✓__       NO _____

*Answering "Yes" indicates a finding for KPM.*

*Answering "No" indicates a finding for Defendant(s).*

**Question 15**: Did KPM prove, by a preponderance of the evidence, that either Blue Sun or ITG or both willfully or knowingly engaged in unfair methods of competition or unfair or deceptive acts or practices?

As to Blue Sun:            YES __✓__       NO _____

As to ITG:                 YES __✓__       NO _____

*Answering "Yes" indicates a finding for KPM.*

*Answering "No" indicates a finding for Defendant(s).*

*Two Individual Defendants' Counterclaims*

**Question 16**: Did Individual Defendant Arnold Eilert prove, by a preponderance of the evidence, that KPM had a contractual obligation to pay Mr. Eilert a severance payment after his employment at KPM concluded?

_____        __✓__
  Yes               No

*If you answered "Yes," continue to Question No. 17.*

*If you answered "No,", **STOP**, and continue to Question No. 19.*

7

**Question 17**: Did Individual Defendant Arnold Eilert prove, by a preponderance of the evidence, that KPM breached their contractual obligation to pay Mr. Eilert a severance payment after his employment at KPM concluded?

_____          __✓__
 Yes              No

*If you answered "Yes," continue to Question No. 18.*

*If you answered "No,", **STOP**, and continue to Question No. 19.*

**Question 18**: If you answered "Yes" to Question 17, what amount of money would fairly and reasonably compensate Mr. Eilert this breach of contract?

As to Arnold Eilert:         $ _____
(if applicable)

**Question 19**: Did Individual Defendant Robert Gajewski prove, by a preponderance of the evidence, that KPM had a contractual obligation to pay Mr. Gajewski a severance payment after his employment at KPM concluded?

_____          __✓__
 Yes              No

*If you answered "Yes," continue to Question No. 20.*

*If you answered "No" to all of the above, **STOP**.*

**Question 20**: Did Individual Defendant Robert Gajewski prove, by a preponderance of the evidence, that KPM breached their contractual obligation to pay Mr. Gajewski a severance payment after his employment at KPM concluded?

_____          _____
 Yes              No

*If you answered "Yes," continue to Question No. 21.*

*If you answered "No,", **STOP**.*

8

**Question 21**: If you answered "Yes" to Question 20, what amount of money would fairly and reasonably compensate Mr. Gajewski this breach of contract?

As to Robert Gajewski:  $ _____
(if applicable)

**Foreperson Name (Please Print)**

_Abigail Godbout_

**Foreperson Signature:**

_[signature]_

**Date Jury Reached Verdict:**

_5/17/23_

9

In reference to Question 12, is the third party Other vendors such as poster or is it the four named defendants?

Alfjur Svtt

5/17/23
11:10
M

Jury has a verdict

*[signature]*

5/17/23
2:45pm

*[initials]*

*[initials]*