UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| IN RE: | * | |
| BLUE SUN SCIENTIFIC, LLC | * | No. 25-17998-DER<br>Chapter 11 |
| Debtor | * | |
| IN RE: | * | |
| THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD | * | No. 25-18000-DER<br>Chapter 11 |
| | * | |
| Debtor | | Jointly administered under 25-17998-DER |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| BLUE SUN SCIENTIFIC, LLC | * |
| and | * |
| THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD | * |
| | * |
| Movants | |
| | * |
| v. | |
| | * |
| KPM ANALYTICS NORTH AMERICA CORPORATION | * |
| Respondent | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>DEBTORS' MOTION FOR RELIEF FROM THE AUTOMATIC
STAY TO PERMIT CONTINUANCE OF APPELLATE PROCEEDINGS
IN THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT</u>

Blue Sun Scientific, LLC ("Blue Sun") and The Innovative Technologies Group & Co, LTD ("ITG") (collectively, the "Debtors"), in their respective captioned cases, by their undersigned counsel, pursuant to 11 U.S.C. § 362(d)(1), jointly move for relief from the automatic stay to enable them to proceed with their appeal of a Judgment entered by the United

# DEBTORS' EXHIBIT 10

States District Court for the District of Massachusetts (the "District Court") and now pending in the United States Court of Appeals for the First Circuit (the "Appellate Court"). In support of their Motion, the Debtors state as follows:

Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This Motion is made pursuant to section 362(d)(1) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Rules").

Background

4. On August 29, 2025 (the "Petition Date"), Blue Sun Scientific, LLC ("Blue Sun") filed its Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code. Later that same day, ITG filed its Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to §§ 1101, 1107, and 1108, the Debtors will continue in the possession of their property and the management of their business affairs as Debtors-in-Possession.

5. ITG is a corporation that was formed under the laws of the State of Maryland on June 5, 1997. Since that time, it has operated as a specialized manufacturer of process and quality control optical instruments serving the food and agriculture, packaging, and oil analysis industries. Several of the instruments it manufactures are sole-source critical, highly technical, devices and components for companies that the ITG has served for more than 25 years including any technological upgrades. ITG has designed, invented and manufactured successful NIR

**DEBTORS' EXHIBIT 10**

products for companies over the course of its 28 years in business. Including selling the Unity Scientific Spectrastar product line to Westco Scientific in 2008 ($5,000,000 in sales per year at peak). After the selling of the Unity Spectrastar product line in 2008, ITG focused on continuing to provide the sole-source components, along with manufacturing consumables used in various analytical instruments and being a unique service provider for a variety instrumentation including support for instruments dating back to 1997. Over the course of its existence, ITG and its employees have successfully patented at least five inventions that have been unique to the products provided to its customers. One of those patents was assigned to, and remains property of, the Debtor.

6. Blue Sun is a corporation that was formed under the laws of the State of Maryland on July 6, 2018. Since that time, it has served as the exclusive sales agent for ITG's products. ITG owns one hundred percent (100%) of the shares of Blue Sun and, for that reason, the Debtors file consolidated tax returns.

7. Both of the Debtors were running successful operations until they became involved in litigation with KPM Analytics North America Corporation ("KPM"). On April 5, 2021, KPM, a competitor of ITG, sued ITG, Blue Sun, and a number of individuals in the District Court, asserting claims of trade secret misappropriation and tortious interference centered around the sales of the Phoenix NIR product line. The initial basis of this lawsuit framed the accusations in a manner to imply that the technology for the ITG's product was stolen from KPM through the hiring of new employees.

8. Suit was filed in the District Court notwithstanding the fact that neither ITG, Blue Sun, nor any of the other defendants were located in the Commonwealth of Massachusetts, and

notwithstanding that there were no agreements between the parties or any of their predecessors that would have permitted jurisdiction to be proper in Massachusetts.

9. On February 7, 2025, the District Court issued a final judgment in the litigation against the Debtors.

10. On February 26, 2025, the Debtors engaged the service of Smith Duggan Cornell & Gollub LLP ("Smith Duggan") to handle the appeal from the Judgments that had been entered against them in the District Court.

11. On March 4, 2025, Smith Duggan, on behalf of the Debtors, noted an appeal from the Judgment entered by the District Court. The appeal is currently pending in the Appellate Court as Case No. No. 25-1222 (the "Appellate Proceeding"), and based upon the schedule set by the Appellate Court, the Debtors' opening Brief was due to have been filed in the Appellate Proceeding on September 3, 2025.

12. Based upon its research of the law and the facts, Smith Duggan is beyond optimistic that the Judgments against the Debtors will be reversed due to the District Court's clear lack of jurisdiction over the defendants. Smith Duggan also believes that there are significant errors relating to the substantive issues in the case.

13. Pursuant to 11 U.S.C. § 362(a)(1), "a petition filed under section 301, 302, or 303 of this title… operates as a stay, applicable to all entities, of— (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

# DEBTORS' EXHIBIT 10

14. In filing their bankruptcy cases, the Debtors sought to obtain the benefit of the stay to continue their operations without threat of further garnishment or other collection actions while the appeal is running its course.

15. Even when a debtor is the party taking the appeal, the automatic stay applies to the appeal if the debtor was the party against whom the Judgment was taken in the pre-petition litigation.  See Platinum Financial Services Corp. v. Byrd (In re Byrd), 357 F.3d 433, 439 (4th Cir. 2004).

16. Accordingly, upon the filing of the Debtors' Petitions on August 29, 2025, the previously commenced Appellate Proceeding was stayed as it related to the Debtors, two of the defendants in the case in the District Court.

17. Pursuant to 11 U.S.C. § 362(d)(1), "the bankruptcy court may lift the [automatic] stay 'for cause.'" In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992).

18. The Bankruptcy Code "provides no definition of what constitutes 'cause.'" Id.  As a result, "courts must determine when discretionary relief is appropriate on a case-by-case basis." Id.; In re Meredith, 337 B.R. 574, 577 (Bankr. E.D. Va. 2005).

19. To that end, it has long been recognized that cause exists, and that lifting the stay is appropriate, when a debtor is seeking redress from an adverse pre-petition monetary judgment.

20. As our sister Court in Virginia observed in lifting the stay for the debtor to pursue his appeal in Meredith:

> The situation here is unusual in that it is the debtor who seeks relief to pursue litigation in a state court, by way of an appeal of a pre-petition monetary judgment against him. An appeal of the judgment is the only remedy available to Meredith if he wishes to contest the state court judgment, since the Rooker-Feldman doctrine prevents this court's review of the judgment, which must stand unless reversed by the Virginia

**DEBTORS' EXHIBIT 10**

Supreme Court. <u>Am. Reliable Ins.Co.v. Stillwell</u>, 336 F.3d 311 (4th Cir. 2003).

<u>In re Meredith</u>, 337 B.R. 574 at 577-78.

21. Like the debtor in <u>Meredith</u>, the Debtors in the case at bar have adverse pre-Petition money Judgments entered against them, and those Judgments cannot be reviewed by this Court. Rather, the only way to address the validity of the Judgments is through the appellate process and the appellate process cannot proceed without the stay being lifted.

22. Given the need to have the stay lifted to pursue the appeal, the Debtors contacted KPM and inquired whether KPM would consent to relief from the automatic stay When KPM did not consent, ITG filed a motion seeking relief from the automatic stay on September 10, 2025, and filed an Application to employ Smith Duggan as special counsel to pursue that appeal.

23. That same day, Blue Sun filed its own motion seeking relief from the automatic stay and subsequently filed its own Application to employ Smith Duggan as special counsel to pursue that appeal.

24. Concerned that KPM lack of consent meant it was possible that it would object to the employment of Smith Duggan, the Debtors' withdrew their lift stay motions to avoid the possibility that the stay would be lifted and that they would be without counsel to prosecute the appeal.

25. The withdrawals proved to be wise moves as, inf act, KPM did object to the Applications to employ Smith Duggan.

26. Following a hearing on the Applications and the objections, the Court found that there was no merit to the objections and approved the employment of Smith Duggan as special counsel to the Debtors for the purpose of pursuing the appeal.

# DEBTORS' EXHIBIT 10

27. Following the hearing, the Debtors again inquired whether KPM would consent to relief from the stay to allow the Debtors to pursue the appeal.

28. To date, KPM still has not provided its consent.

29. The time for KPM, or any other party in interest, to appeal this Court's Order authorizing the employment of Smith Duggan has now passed and, notwithstanding the lack of consent, the Debtors are prepared to move forward with their appeals. .

WHEREFORE, for the reasons stated above, the Debtors request the entry of an Order:

A. Lifting the automatic stay to permit the Debtors to pursue their appeal in the First Circuit; and

B. Granting such other and further relief as the nature of this cause may require.

Respectfully submitted,

/s/ Maurice B. VerStandig
Maurice B. VerStandig,(#18071)
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com

Counsel for Blue Sun Scientific, LLC


\s\ Jeffrey M. Orenstein
JEFFREY M. ORENSTEIN (#07512)
Wolff & Orenstein, LLC
15245 Shady Grove Road, Suite 465
Rockville, Maryland  20850
(301) 250-7232
jorenstein@wolawgroup.com

Counsel for The Innovative Technologies
 Group & Co, LTD

# DEBTORS' EXHIBIT 10

DEBTORS' EXHIBIT 10

CERTIFICATE OF SERVICE

      I hereby certify that on the 21st day of November, 2025, a copy of the foregoing was served by electronic mail to:

Hugh M. Bernstein, Esq.
Office of the United States Trustee
101 W. Lombard Street
Suite 2625
Baltimore, Maryland 21202
hugh.m.bernstein@usdoj.gov

Addison Chappell, Esq.
Miles & Stockbridge, P.C.
100 Light Street
Baltimore, MD 21202
achappell@milesstockbridge.com

Michael Benjamin Brown
Miles & Stockbridge, P.C.
100 Light Street
Baltimore, MD 21202
mbbrown@milesstockbridge.com

Taylor Marie McAuliffe
Miles & Stockbridge PC
100 Light St.
8th Floor
Baltimore, MD 21202
tmcauliffe@milesstockbridge.com

      I hereby further certify that on the 21st day of November, 2025, a copy of the foregoing was served by first class mail to:

Christopher McIntire, Resident Agent
KPM Analytics North America Corporation
16 Robin Hill Road
Danvers, MA  01923

# DEBTORS' EXHIBIT 10

      A separate Certificate of Service is being filed reflecting service to all parties on the mailing matrix filed in this case.

                                                      <u>/s/ Jeffrey M. Orenstein</u>
                                                      Jeffrey M. Orenstein