# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In Re<br><br>**BLUE SUN SCIENTIFIC, LLC,**<br><br>Debtor. | Bankruptcy Case: 25-17998-DER<br><br>Chapter 11 |

## THE UNITED STATES TRUSTEE'S
## MOTION TO CONVERT TO CHAPTER 7 OR DISMISS CASE

Matthew W. Cheney, Acting United States Trustee for Region 4, which includes the District of Maryland, Baltimore Division (the "United States Trustee"), respectfully requests that this Court enter an Order, pursuant to 11 U.S.C. §1112(b), converting to Chapter 7 or dismissing the above-referenced case.

In support thereof, the United States Trustee represents as follows:

## BACKGROUND

1. Debtor, Blue Sun Scientific, LLC ("Blue Sun"), commenced this Chapter 11 case on August 29, 2025. (*See* Doc. 1.)

2. Blue Sun is a wholly owned subsidiary of The Innovative Technologies Group & Co, Ltd. ("Innovative Tech"), the debtor in Chapter 11 case 25-18000-DER.

3. Blue Sun acts as Innovative Tech's sales and marketing arm.

4.      As is his practice, in connection with the filing of any Chapter 11 case, the United States Trustee requested relevant information and documents from Blue Sun, including, *inter alia*, proof of its insurance, proof of opening a Debtor-in-Possession bank account ("DIP Account"), and copies of its two most recent federal tax returns.

5.      The United States Trustee's initial request for this information was made on September 11, 2025.  Subsequent requests were made on October 23, 2025, November 6, 2025, December 1, 2025, and December 16, 2025.

6.      As of today, Blue Sun has not provided any proof of its insurance, any proof of opening a DIP Account, or copies of any federal tax returns.

7.      Since filing the case, Blue Sun has not filed any monthly operating reports. As of today, reports for August, September, October, November and December of 2025 are outstanding and overdue.

8.      As of today, Blue Sun has not filed any of the statutorily required quarterly fees that have come due.  Currently, estimated fees of $500 are overdue and outstanding for the third and fourth quarters of 2025.  Those fees could be higher depending upon Blue Sun's disbursements during those quarters but because of its failure to file any monthly operating reports, the United States Trustee cannot accurately calculate those fees.

9.      As discussed more fully below, cause exists to convert this case to Chapter 7, or to dismiss it.

## ARGUMENT

10. Section 1112(b) of the Bankruptcy Code generally requires that once "cause" is established the Court must take one of three actions: (1) dismiss a Chapter 11 case, (2) convert it to Chapter 7, or (3) appoint a Chapter 11 trustee. 11 U.S.C. § 1112(b); *In re Landmark Atlantic Hess Farm, LLC,* 448 B.R. 707, 712 (Bankr. D. Md. 2011). Which of the three actions should be taken is determined by the best interests of the creditors and the estate. *Id.*

11. In determining which of the three remedies is appropriate, the Court is to consider only the best interests of the creditors and the estate. The interest of the debtor is not a factor to be considered. *Lakefront Investors, LLC, v. Clarkson*, 484 B.R. 72, 84-86 (D. Md. 2012).

12. If the moving party establishes "cause," the debtor (or other party-in-interest opposing the motion) can avoid conversion, dismissal, or the appointment of a trustee only by showing:

    i.    "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate";

    ii.    a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

    iii.    the grounds for converting or dismissing the case include an act or omission of the debtor (a) for there exists a reasonable justification, and (b) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. 1112(b)(2).[1]

13. The Code provides 16 examples of "cause." 11 U.S.C. §1112(b)(4). The list, however, is non-exhaustive and, thus, various non-identified acts or failure to act may also constitute cause. *In re Skeen, Goldman, LLP*, Case No. 07-10535-JS, 2007 WL 4556683 at *4 (Bankr. D. Md., Dec. 20, 2007); *In re AmeriCERT, Inc.*, 360 B.R. 398, 401 (Bankr. D.N.H. 2007).

### Failure to File Monthly Operating Reports

14. Pursuant to 11 U.S.C. §§ 704(8), 1106(a)(1), 1107(a), and Federal Rule of Bankruptcy Procedure 2015, Chapter 11 debtors-in-possession are required to file operating reports with the Court and the United States Trustee on a monthly basis.

15. The failure to file monthly operating reports constitutes "cause," pursuant to 11 U.S.C. § 1112(b), for the conversion or dismissal of this case. *See Landmark Atlantic*, 448 B.R. at 716-17; *In re All Denominational New Church*, 268 B.R. 536, 538 (8th Cir. BAP 2001); *In re William Steiner, Inc.*, 139 B.R. 356, 358 (Bankr. D. Md. 1992); *see also* 11 U.S.C. § 1112(b)(4)(F) ("cause" includes the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter"). As one bankruptcy court explained:

> Monthly operating reports "are much more than busy work imposed upon a Chapter 11 debtor for no other reason than to require it do

---

[1] Where the "cause" shown is the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," conversion, dismissal or appointment of a trustee is required and the exceptions set forth in this paragraph do not apply. 11 U.S.C. § 1112(b)(2)(B).

> something." They are "the life blood" of chapter 11, enabling creditors to keep tabs on the debtor's post-petition operations. Failure to file them -- and to file them timely -- is a serious breach of the debtor's fiduciary obligations and "undermines the Chapter 11 process." It is well established, consequently, that a debtor's failure to submit monthly operating reports is "cause" to convert the case or dismiss it.

*In re Rey*, Nos. 04-B-35040, 04-B-22548, 06-B-4487, 2006 WL 2457435 at *8 (Bankr. N.D. Ill. Aug. 21, 2006) (citations omitted); *see also In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) ("[r]efusal or inability to provide financial disclosure [through monthly operating reports] sounds the death knell of a chapter 11 case").

16. Blue Sun has not filed any monthly operating reports since filing this case. Thus, reports for August, September, October, November and December 2025 are currently overdue and outstanding.

### **Failure to Pay Quarterly Fees**

17. Pursuant to Section 1930(a)(6) of title 28, United States Code, the Debtor is required to pay the United States Trustee a quarterly fee "until the case is converted or dismissed, whichever occurs first." This fee is determined under a sliding scale based upon quarterly disbursements and such disbursements are required to be reported in the monthly operating reports discussed above.

22. Blue Sun has failed to pay the full amount of the quarterly fees due in this case. Blue Sun owes and has been billed for estimated quarterly fees in the amount of $500, constituting the minimum fee for the third and fourth quarters of 2025. Those fees

could be higher depending upon Blue Sun's disbursements, but its failure to file monthly operating reports has made accurate calculation of the applicable fee impossible.

18.     Blue Sun's failure to pay quarterly fees constitutes cause for dismissal or conversion pursuant to 11 U.S.C. § 1112(b)(4)(K).

### Failure to Maintain Insurance

19.     11 U.S.C. § 1112(b)(4)(C) provides that "failure to maintain appropriate insurance that poses a risk to the estate or to the public" constitutes "cause."

20.     "[C]ourts have consistently interpreted § 1112(b)(4)(C) as requiring the debtor to 'maintain appropriate insurance' to protect the estate and the public". *Willner v. Fitzgerald*, No. 1:22-cv-486-MSN-JFA, 2023 WL 2422431 at *4 (E.D. Va. Feb. 7, 2023). As an operating business Blue Sun must at least maintain general liability insurance to comply with Section 1112(b)(4)(C)'s insurance requirement. *See, e.g., In re Pure Repair and Trucking, LLC,* 658 B.R. 895, 905 (Bankr. S.D. Ohio 2024) ("[C]ourts interpret section 1112(b)(4)(C) to require liability insurance when a debtor-in-possession is engaged in ongoing business operations that may reasonably be expected to present a risk of liability.")

21.     Despite repeated requests, Blue Sun has refused to provide proof that it maintains appropriate insurance. Thus, on good faith information and belief, and subject to further discovery, Blue Sun does not maintain appropriate insurance.

22.     Blue Sun's failure to maintain appropriate insurance exposes the bankruptcy

estate to potential liability and exposes invitees and the public to the potential for uncompensated dangers and injuries. That failure constitutes "cause" pursuant to 11 U.S.C. § 1112(b).

### Failure to Provide Information

23. 11 U.S.C. § 1112(b)(4)(H) provides that "failure to provide information . . . reasonably requested by the United States trustee" constitutes "cause."

24. Blue Sun's refusal to provide proof of insurance (if it has insurance) and copies of its tax returns (if it filed and paid its taxes) upon request by the United States Trustee constitutes "cause" pursuant to 11 U.S.C. § 1112(b).

### Failure to Establish a Debtor in Possession Bank Account

25. The United States Trustee has established certain operating guidelines for debtors-in-possession. One such provision requires a chapter 11 debtor in possession to close all existing bank accounts and open new DIP Account.

26. The United States Trustee guidelines require that the DIP Account be opened in certain financial institutions designated as authorized depositories by the United States Trustee in order that, among other things, the United States Trustee can require certain reporting directly from the depository.

27. These requirements are also designed to provide a clear line of demarcation between pre-petition and post-petition claims and payments, to help protect against the

inadvertent payment of pre-petition claims and to assure that debtor deposits are properly protected as required by 11 U.S. C. § 345.

28. Despite the fact that Blue Sun has been a debtor in possession for over five months and has never requested or been granted any waiver of the above-described guidelines, Blue Sun has not closed its pre-petition bank accounts and has not opened any new account at an authorized depository.

29. Failure to provide evidence of a debtor in possession account constitutes cause for conversion or dismissal. *See In re Rondaxe Properties, LLC*, No. 15-20222, 2015 WL 6956521 at *2 (Bankr. W.D.N.Y. June 30, 2015); *In re Spencerport Dev., LLC*, No. 14-21154 at *3, 2014 WL 6886637 (Bankr. W.D.N.Y. Dec. 4, 2014); *In re Perez*, No. 14-10695, 2014 WL 2003197 at *1 (Bankr. E.D. Cal. May 14, 2014).

30. These failures also demonstrate a failure of Blue Sun's fiduciary duty to protect the assets of the estate for creditors including ensuring appropriate safeguards. *In re Congaree Triton Acquisitions, LLC*, 492 B.R. 843, 852 (Bankr. D.S.C. 2012).

## Local Rule 9013 Statement

31. The United States Trustee submits that no novel issue of law is presented with respect to the matters contained herein. Accordingly, pursuant to Local Bankruptcy Rule 9013-2, the United States Trustee states that he is not filing a memorandum of law in support of this motion and relies solely on the grounds and authorities set forth herein.

## **RELIEF REQUESTED**

WHEREFORE, the United States Trustee respectfully requests that this Court enter an Order:

(1) Granting this Motion;

(2) Converting to Chapter 7 or in the alternative dismissing this case; and

(3) Granting such other and further relief as is just and proper.

Dated: February 3, 2026

                                  Respectfully submitted,

                                  Matthew W. Cheney,
                                  Acting United States Trustee for Region 4

                                  By: */s/ Hugh M. Bernstein*
                                  Hugh M. Bernstein
                                  Fed. Bar No.: 23489
                                  United State Department of Justice
                                  101 West Lombard Street
                                  Baltimore, Maryland 21201
                                  (410) 962-4300
                                  E-mail:  hugh.m.bernstein@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 3, 2026, a copy of the foregoing was sent via first class mail, postage prepaid to:

> Blue Sun Scientific, LLC
> 8017 Dorsey Run Rd
> Suite H
> Jessup, MD 20794-9372
>
> Dana Zakarian
> Smith Duggan Cornell & Gollub LLP
> 55 Old Bedford Road, Suite 300
> Lincoln, MA 01773.

According to the Court's ECF records, electronic notice of this motion should be provided to the following persons:

> **Matthew Eliot Abbott**   MAbbott@wolawgroup.com, KDriscoll@wolawgroup.com
> **Hugh M. (UST) Bernstein**   hugh.m.bernstein@usdoj.gov
> **Michael Benjamin Brown**   mbbrown@milesstockbridge.com, jdiaz@milesstockbridge.com
> **Addison J. Chappell**   achappell@milesstockbridge.com
> **Patricia B. Jefferson**   pjefferson@milesstockbridge.com
> **Michael David Nord**   mnord@gebsmith.com
> **Jeffrey M. Orenstein**   jorenstein@wolawgroup.com
> **Elizabeth Drayden Peters**   epeters@gebsmith.com
> **US Trustee - Baltimore**   USTPRegion04.BA.ECF@USDOJ.GOV
> **Maurice Belmont VerStandig**   mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

>                                              */s/ Hugh M. Bernstein*
>                                              Hugh M. Bernstein