UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
(Baltimore Division)

IN RE:                                                    *

BLUE SUN SCIENTIFIC, LLC                   *        No.  25-17998-DER
                                                                     Chapter 11
            Debtor                                      *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

IN RE:                                                    *

THE INNOVATIVE TECHNOLOGIES        *        No.  25-18000-DER
 GROUP & CO., LTD                                      Chapter 11
                                                                     *
            Debtor                                      Jointly administered under Case No.
                                                                     25-17998-DER

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

CONSENT EMERGENCY MOTION FOR ORDER
BRIEFLY FURTHER EXTENDING EXCLUSIVE PERIODS TO FILE
PLANS OF REORGANIZATION AND OBTAIN ACCEPTANCES THERETO

Blue Sun Scientific, LLC ("Blue Sun") and The Innovative Technologies Group & Co,

LTD ("ITG") (collectively, the "Debtors"), with the consent of KPM Analytics North America

Corporation ("KPM"), pursuant to 11 U.S.C. § 1121(d), jointly file this Consent Emergency

Motion for Order Briefly Further Extending Exclusive Periods to File a Plan of Reorganization

and Obtain Acceptances Thereto (the "Motion") in these jointly administered cases and, in

support thereof, respectfully represent as follows:

1.      On December 1, 2025, the Debtors filed their Motion for Order Extending

Exclusive Periods to File Plans of Reorganization and Obtain Acceptances Thereto (the "First

Motion").

2.      The First Motion was duly served on all creditors and parties in interest in these

jointly administered cases.

3.      KPM filed an Objection to the First Motion, but no other creditor or party in interest filed an objection or otherwise responded to the First Motion.

4.      Following a contested hearing, on January 23, 2026, the Court entered its Order Extending Exclusive Periods to File Plans Of Reorganization and Obtain Acceptances Thereto (the "Extension Order") which , in relevant part as related to this Motion, stated:

> ORDERED, that the Debtors' exclusive period for filing their Plans of Reorganization, as described in 11 U.S.C. § 1121(b), is extended until March 31, 2026; and it is further
>
> ORDERED, that the period described in 11 U.S.C. § 1121(c)(3) for obtaining acceptance of any Plans filed is extended until Monday June 1, 2026; and it is further
>
> ORDERED, that the entry of this Order is without prejudice to the Debtors' right to seek from this Court such additional and further extensions of the exclusive periods within which to file and obtain acceptance of their plans of reorganization as may be necessary or appropriate based upon the facts and circumstances that exist at that time .
> . . .

5.      Following the Court's earlier admonition regarding counsel for the Debtor's not unnecessarily duplicating time in these jointly administered cases, Jeffrey Orenstein ("Mr. Orenstein")  has been taking the lead role in addressing issues that relate equally to both Debtors and is the person that has taken primary responsibility for preparing the Plan(s) and Disclosure Statement(s).

6.      As reported in the Debtors' Consent Emergency Motion for Order Briefly Extending Exclusive Periods to File Plans of Reorganization and Obtain Acceptances Thereto (the "Consent Motion") that was filed with the Court on March 24, 2026, Mr. Orenstein's mother has had complicated health issues for a period of time and experienced a significant medical event on March 12, 2026, that required a hospitalization and emergency surgery.

7. At the time of the filing of the Consent Motion, Mr. Orenstein's mother was still hospitalized and Mr. Orenstein had been required to stay at the hospital overnight on occasion and spend significant time at the hospital

8. As also reported in the Consent Motion, during this period of time, Mr. Orenstein had been working to attempt to complete the required documents so that they could be filed in accordance with the time period set in the Extension Order.

9. Immediately prior to the filing of the Consent Motion, at a meeting at the hospital, Mr. Orenstein and his family were advised that his mother had been approved for hospice care and the family, along with the hospice provider, were in the process of making appropriate arrangements.

10. At that time, there was no immediate information available as to what the duration of this process may be, but it was apparent that, at least in the very short term, it would be difficult if not impossible for Mr. Orenstein to provide the attention required to complete the Plan and Disclosure Statement in time for final review by ITG and adoption or adjustment by Blue Sun.

11. For that reason, Mr. Orenstein had contacted counsel for KPM to advise of the existing circumstances and to ask for its consent to a brief extension of the deadlines while the situation developed.

12. At that time, and under the circumstances presented, KPM, subject to the Court's approval, consented to a fifteen day extension of the deadlines contained in the Extension Order.

13. At that time, the Office of the United States Trustee also consented to the extension.

14.     On March 24, 2025, the Court granted the Consent Motion by the entry of its Consent Order Extending Exclusive Periods to File Plans of Reorganization and Obtain Acceptances Thereto (the "Consent Order").  The Consent Order extended the Debtors' exclusive period for filing their Plans of Reorganization, as described in 11 U.S.C. § 1121(b), until April 15, 2026, and extended the period described in 11 U.S.C. § 1121(c)(3) for obtaining acceptance of any Plans filed until Monday June 15, 2026.

15.     There still is no certainty regarding the medical process; however, at a meeting the week of March 24, 2026, Mr. Orenstein's family was told that the expectation was then that his mother would live another one to three weeks.

16.     Two weeks has passed since that time.  While Mr. Orenstein has attended to professional matters that either could not have been delayed or that would have been difficult to delay, Mr. Orenstein and his family have spent a significant amount of time together and with his mother awaiting further developments.

17.     It is impossible to know when events will occur and there will be additional religious obligations to observe after the fact.  To the untrained eye, it appears as if this situation will continue beyond the original three week projection, but there is no way to know.

18.     Mr. Orenstein is endeavoring to get as much accomplished during this period as possible, but cannot be certain that he will be in a position to file a Plan and Disclosure Statement within the current exclusivity deadlines that exist.

19.     For that reason, Mr. Orenstein has again contacted counsel for KPM to advise of the existing circumstances and to ask for its consent to a further brief extension of the deadlines while the situation continues to develop.

20.     As evidenced by the signature of its counsel, below, KPM, subject to the Court's approval, has consented to a further fifteen day extension of the deadlines contained in the Consent Order.

21.     Given KPM's consent, no creditor or party in interest will be prejudiced by the granting of this additional brief extension as no creditor or other party in interest had objected to the relief requested in the First Motion which included a request for a deadline will beyond what is being requested in this Motion.

22,     Mr. Orenstein has again contacted the Office of the United States Trustee which has indicated that it has no objection to the relief requested in this Motion.

23.     In filing this Motion, it is Mr. Orenstein's hope that he will be able to complete the Plan and Disclosure Statement within the time frame established by the Consent Order or very close to that deadline and it is his expectation and desire that no further extensions will be required.

24.     This Motion is being filed solely for the reasons set forth in this Motion and not for the purpose of unduly delaying these proceedings or for any other improper purpose.

WHEREFORE, for the reasons set forth above, the Debtors respectfully request that this Court enter an Order:

A.     Granting this Motion;

B.     Extending the exclusive period for filing Plans to and including April 30, 2026;

C.     Extending the exclusive period for obtaining acceptances to the Plan to and including Monday June 29, 2026; and

D.     Granting such other and further relief as the Court deems necessary or appropriate. Under the circumstances presented.

Respectfully submitted,


\s\ Jeffrey M. Orenstein
JEFFREY M. ORENSTEIN (#07512)
Wolff & Orenstein, LLC
15245 Shady Grove Road, Suite 465
Rockville, Maryland  20850
(301) 250-7232
jorenstein@wolawgroup.com

Counsel for The Innovative Technologies
 Group & Co, LTD



/s/ Maurice B. VerStandig
Maurice B. VerStandig,(#18071)
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com

Counsel for Blue Sun Scientific, LLC


KPM ANALYTICS NORTH AMERICA CORPORATION CONSENTS TO THE RELIEF
REQUESTED IN THIS MOTION


 /s/ Addison J. Chappell (via email on 4/7/26)
ADDISON CHAPPELL (#21852)
Miles & Stockbridge, P.C.
100 Light Street
Baltimore, MD 21202
(410) 385-3481
achappell@milesstockbridge.com

THE UNITED STTAES TRUSTEE CONSENTS TO THE RELIEF REQUESTED IN THIS MOTION


/s/ Hugh M. Bernstein (via e-mail on 4/7/26
Hugh M. Bernstein
(Fed. Bar No.: 23489)
United States Department of Justice
101 West Lombard Street, Suite 2625
Baltimore, Maryland 21201
(410) 962-4300
hugh.m.bernstein@usdoj.gov


CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March, 2026, a copy of the foregoing was served by electronic mail to:

Addison J. Chappell, Esq.
Miles & Stockbridge, P.C.
100 Light Street
Baltimore, MD 21202
achappell@milesstockbridge.com

Hugh M. Bernstein, Esq.
Office of the United States Trustee
101 W. Lombard Street
Suite 2625
Baltimore, Maryland 21202
hugh.m.bernstein@usdoj.gov

Carol J. Hulme, Esq.
General Attorney
Baltimore/Richmond Offices
Office of General Counsel
U.S. Small Business Administration
Carol-Ann.Hulme@sba.gov

Michael D. Nord, Esq.
Gebhardt and Smith, LLP
One South Street, Suite 2200
Baltimore, Maryland 21202
mnord@gebsmith.com

/s/ Jeffrey M. Orenstein
Jeffrey M. Orenstein