**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re: | Jointly Administered Under |
| BLUE SUN SCIENTIFIC, LLC, | Case No. 25-17998-DER (Lead Case) |
| THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD, | Case No. 25-18000-DER |
| Debtors. | Chapter 11 |

**OBJECTION TO MOTION FOR ORDER EXTENDING EXCLUSIVE PERIOD TO
OBTAIN ACCEPTANCE OF PLAN OF REORGANIZATION**

KPM Analytics North America Corporation ("KPM"), by and through undersigned counsel, files its Objection to Motion for Order Extending Exclusive Period to Obtain Acceptance of Plan of Reorganization ("Objection") and, in support, states:

**Introduction**

1. As this Court is aware, these bankruptcy cases follow KPM's successful prosecution of claims against Blue Sun Scientific, LLC ("Blue Sun") and The Innovative Technologies Group & Co., LTD ("ITG" or "Debtor") for misappropriation of trade secrets, tortious interference, and statutory violations for unfair trade practices in the United States District Court for the District of Massachusetts ("USDC Massachusetts") in the case styled as *KPM Analytics North America Corp. v. Blue Sun Scientific, LLC, et al.*, Case Number 4:21-cv-10572-MRG (D. Mass.) (the "Massachusetts Case").

2. The Debtor seeks a six month extension of its exclusive period to solicit acceptances of its plan of reorganization. The proffered reasons for the extension – the

1

complexity of the case and the need for time to resolve the appeal of the judgment that precipitated the petition – do not satisfy the requisite cause necessary to justify an extension.

3.      Accordingly, this Court should deny the Debtor's request in its entirety.

## Background

4.      The history between KPM, Blue Sun, and the Debtor is well-documented in other filings before this Court.  Key facts relevant to this Objection are set forth below.

5.      In February 2025, following a 9-day jury trial in the Massachusetts Case, the USDC Massachusetts entered a permanent injunction and monetary judgments against ITG and Blue Sun, jointly and severally, in the principal amount of $3 million, plus an additional judgment against ITG in the amount of $3.6 million, plus $1.5 million in attorneys' fees, over $271,000 in costs, as well as pre- and post-judgment interest (collectively the "Judgment").

6.      On March 4, 2025, the Debtor and Blue Sun noted an appeal to the United States Court of Appeals for the First Circuit, commencing case number 25-1222 (the "Appeal").

7.      On August 29, 2025, Blue Sun and the Debtor commenced the above-captioned cases.

8.      On December 29, 2025, the Court entered the Order Granting Relief from the Automatic Stay to Permit Continuance of Appellate Proceedings in the United States Court of Appeals for the First Circuit [Dkt. No. 47], which permitted the Appeal to continue.

9.      As of the date of this Opposition, the Appeal has not been resolved.

10.      On April 29, 2026, ITG filed its Disclosure Statement in Support of Chapter 11 Plan of Reorganization Proposed by the Innovative Technologies Group & Co., LTD [Case No. 25-18000, Dkt. No. 59; Case No. 25-17998, Dkt. No. 82] (the "Disclosure Statement") and Plan

2

of Reorganization [Case No. 25-18000, Dkt. No. 60; Case No. 25-17998, Dkt. No. 83] (the "Plan").

11.     On June 6, 2026, the Debtor filed its Motion for Order Extending Exclusive Period to Obtain Acceptance of Plan of Reorganization [Dkt. No. 88] (the "Motion"), which seeks an extension of the exclusive period the Debtor has to obtain acceptances to the Plan to December 31, 2026.[1]

12.     On June 8, 2026, KPM filed its Objection to Disclosure Statement in Support of Chapter 11 Plan of Reorganization Proposed by the Innovative Technologies Group & Co., LTD ("Disclosure Statement Objection").

13.     The current exclusive period for the Debtor to obtain acceptances to its Plan expires on June 29, 2026, pursuant to the Consent Order Further Extending Exclusive Periods to File Plans of Reorganization and Obtain Acceptances Thereto [Dkt. No. 80].

### Legal Standard

14.     Section 1121(b) provides Chapter 11 debtors with the exclusive right to file a Chapter 11 plan for the first 120 days of a case, and the exclusive right to solicit acceptances to that plan within the first 180 days of the case.  11 U.S.C. § 1121.  Extensions of the Debtor's exclusivity period, including the period to obtain acceptances for a filed Chapter 11 plan, are governed by Section 1121(d) under which the Debtor must establish cause for the extension.  *Id.*

15.     Cause is not defined by the Bankruptcy Code, and the Code does not set forth the factors that must be considered by the court in determining whether cause has been established to extend the exclusivity period.  Courts have relied upon the following factors in deciding whether to grant an extension of exclusivity:

---

[1] The body of the Motion references an extension date of November 30, 2026, however the Debtor's proposed order says December 31, 2026. Out of an abundance of caution, KPM assumes the Debtor's intended date is the later of the two.

a. the size and complexity of the case;

b. the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

c. the existence of good faith progress toward reorganization;

d. the fact that the debtor is paying its bills as they become due;

e. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

f. whether the debtor has made progress in negotiations with its creditors;

g. the amount of time which has elapsed in the case;

h. whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

i. whether an unresolved contingency exists.

*In re Adelphia Communications Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); *In re Express One International, Inc.*, 194 B.R. 98, 100 (Bankr. E.D.Tx. 1996).

16. The "decision to extend a debtor's exclusive periods is a serious matter; extensions are not granted routinely or cavalierly." *In re Borders Group, Inc.*, 460 B.R. 818, 821 (Bankr. S.D.N.Y. 2011).

17. Section 1121(d) "was designed, and should be faithfully interpreted, to limit the delay that makes creditors the hostage of Chapter 11 debtors." *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd., (In re Timbers of Inwood Forest Associates, Ltd.)*, 808 F.2d 363, 372 (5th Cir. 1987).

### Legal Argument

18. Over ten months into this bankruptcy case the Debtor seeks yet another significant extension of exclusivity, this time for an additional six months to obtain acceptances to its Plan. This is the Debtor's second major request for an extension of the exclusive period, and has already received the full benefit of multiple prior extensions. There must be a limit to the

4

Debtor's monopoly over the plan process. The exclusivity provisions of Section 1121 were never intended to permit a debtor to indefinitely prevent creditors from proposing alternative plans. At some point, creditors should be given a chance to participate.

19. Similar to the last major request, to establish cause the Debtor argues that its request is appropriate because of (1) the size and complexity of the bankruptcy case, and (2) the time needed to complete the Appeal. An examination of these factors demonstrates that the Debtor cannot establish the requisite cause.

      **i**      **<u>The size and complexity of the case.</u>**

20. The requested six month extension of the exclusivity period will result in the Debtor enjoying the sole right to obtain acceptances to a plan for one year and four months. The Debtor took roughly eight months to file what it concedes is a simple plan that dedicates all of its disposable income to paying claims of creditors over a five year period. Motion ¶ 51. As explained in KPM's Disclosure Statement Objection, the Plan does not comply with certain portions of the Bankruptcy Code and is not confirmable.

21. The Debtor attempts to justify the requested extension in part by pointing to the pendency of the Appeal and characterizing the case as complex. But the Appeal does not need to be resolved before the confirmation process can begin, or even before a plan can be confirmed. Although the Plan is not confirmable, it already purports to address the treatment of KPM's claim pending the outcome of the Appeal. The Motion also acknowledges that the Debtor is paying its post petition obligations as they come due and is operating profitably post petition. Those facts undercut any suggestion that this case is so complex that confirmation must await completion of the Appeal.

22.     Waiting for the Appeal to run its course should not permit the Debtor to hold all of its creditors hostage while the appellate proceedings play out.  The Debtor's business is operating, and it enjoys the full benefits of the automatic stay while evading the responsibility of addressing KPM's Judgment.  Bankruptcy should not be used to maintain operations while sidestepping the legitimate claims of creditors.  KPM is harmed by being forced to wait at least six additional months before being permitted to introduce its own plan.

23.     The Debtor also relies on the prospect of complex litigation surrounding confirmation of the Plan as justification for cause.  The legislative history of Section 1121 shows that Congress intended that the granting of an extension would be based on a showing of some promise of probable success of reorganization.  S. Rep. 95-989, 118, 1978 U.S.C.C.A.N. 5787, 5904.  Exclusivity should not be extended merely because litigation over the Debtor's own defective plan may be expensive or time-consuming.  As explained more fully in the Disclosure Statement Objection, the Plan violates the absolute priority rule of the Bankruptcy Code, contains gerrymandered classes, and artificially impairs certain classes, among other deficiencies.  A plan cannot be confirmed unless it satisfies the confirmation requirements of the Bankruptcy Code.  In essence, the Debtor is not asking for time to complete a confirmable deal; rather, it is asking to maintain exclusivity while prosecuting an unconfirmable plan.

24.     The Motion should be viewed in light of the limited purpose of exclusivity. Exclusivity gives a debtor breathing room in the early stages of a case to negotiate and propose a viable plan.  It is not intended to operate as an offensive weapon that prevents creditors and other parties in interest from proposing a legally confirmable alternative.  Where the anticipated confirmation litigation flows from defects in the Debtor's own Plan, that litigation does not constitute cause to extend exclusivity.

ii      **The time needed to complete the Appeal.**

25.      The primary reason the Debtor seeks to extend the exclusive acceptance period is to buy time while the Appeal runs its course.  But litigation, without more, is not sufficient cause to justify extending the exclusivity period.  *In re R.G. Pharmacy, Inc.*, 374 B.R. 484, 488 (Bankr. D. Conn. 2007) (explaining that the existence of unresolved matters in litigation involving the debtor and its largest creditors is not ordinarily sufficient to establish cause to grant an extension of the exclusivity period); *In re Lake in the Woods*, 10 B.R. 338, 342 (E.D. Mich. 1981) (holding that pending litigation over title to the land on which the debtor's apartment complex was situated was not sufficient cause to extend the exclusivity period); *In re Southwest Oil Co. of Jourdanton, Inc.*, 84 B.R. 448, 452 (Bankr. W.D. Tex. 1987) ("The ordinary Chapter 11 debtor is expected to bring with it litigation, or the potential for it. … Litigation with creditors is not an unusual circumstance, and the fact that litigation is pending with creditors is not in itself sufficient cause to justify an extension of the exclusivity period. Only under extreme circumstances would the existence of litigation constitute cause for an extension.")(internal citations omitted).

26.      Ultimately, the Debtor's actions indicate that its overarching strategy is to prolong the confirmation process as long as possible so that it can continue its operations without interference while the Appeal progresses.  The Debtor has shown little interest in reorganizing swiftly and efficiently, but only in buying time to put off dealing with KPM's substantial Judgment if, and only if, the Appeal turns out badly for it.  In the meantime, the Debtor appears content to remain in Chapter 11 indefinitely, continue operating its business without consequence, and let the Appeal run its course – all while simultaneously blocking KPM from proposing a plan or otherwise enforcing its Judgment.  Accordingly, the Motion does not establish the requisite cause and should be denied.

7

**Conclusion**

For the foregoing reasons, KPM respectfully requests the Court enter an order denying the Motion and granting KPM such other relief the Court deems proper.

Dated June 19, 2026

Respectfully submitted,

*/s/ Addison J. Chappell*
Addison J. Chappell, Esq. (#21852)
Michael B. Brown, Esq. (#19641)
MILES & STOCKBRIDGE P.C.
100 Light Street, 7th Floor
Baltimore, MD 21202
Telephone: (410) 385-3481
Telephone: (410) 385-3663
achappell@milesstockbridge.com
mbbrown@milesstockbridge.com

*Counsel for KPM Analytics*
*North America Corporation*

8

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 19, 2026, a copy of the foregoing Objection was served on all parties requesting service in this case via this Court's CM/ECF electronic noticing system as follows:

- **Matthew Eliot Abbott**   MAbbott@wolawgroup.com, KDriscoll@wolawgroup.com
- **Hugh M. (UST) Bernstein**   hugh.m.bernstein@usdoj.gov
- **Michael Benjamin Brown**   mbbrown@milesstockbridge.com, jdiaz@milesstockbridge.com
- **Addison J. Chappell**   achappell@milesstockbridge.com
- **Patricia B. Jefferson**   pjefferson@milesstockbridge.com
- **Michael David Nord**   mnord@gebsmith.com
- **Jeffrey M. Orenstein**   jorenstein@wolawgroup.com
- **Elizabeth Drayden Peters**   epeters@gebsmith.com
- **US Trustee - Baltimore**   USTPRegion04.BA.ECF@USDOJ.GOV
- **Maurice Belmont VerStandig**   mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

*/s/ Addison J. Chappell*
Addison J. Chappell