**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
(Baltimore Division)

| | |
|---|---|
| In Re<br><br>**BLUE SUN SCIENTIFIC, LLC,**<br><br>Debtor. | Bankruptcy Case: 25-17998-DER<br><br><br>Chapter 11 |

**THE UNITED STATES TRUSTEE'S**
**MOTION TO CONVERT TO CHAPTER 7 OR DISMISS CASE**

Andrew R. Vara, United States Trustee for Regions 3 and 9, (the "United States Trustee"),[1]

respectfully requests that this Court enter an Order, pursuant to 11 U.S.C. §1112(b), converting

to Chapter 7 or dismissing the above-referenced case.

In support thereof, the United States Trustee represents as follows:

**BACKGROUND**

1.      Debtor, Blue Sun Scientific, LLC ("Blue Sun"), commenced this Chapter 11 case on

August 29, 2025.  (*See* Doc. 1.)

2.      Blue Sun is a wholly owned subsidiary of The Innovative Technologies Group

& Co, Ltd. ("Innovative Tech"), the debtor in Chapter 11 case 25-18000-DER.

3.      Blue Sun acts as Innovative Tech's sales and marketing arm.

4.      On February 3, 2026, the United States Trustee filed a motion, pursuant to 11 U.S.C.

---

[1] Matthew W. Cheney, the Acting United States Trustee for Region 4, has been recused from this matter.

§ 1112(b), to convert or dismiss this case because, *inter alia*, Blue Sun had failed to file any of its monthly operating reports or to pay any of its statutorily-required quarterly fees.  (*See* Doc. 62.) At the time that motion was filed, reports for August, September, October, November and December of 2025 were outstanding and overdue, and estimated fees of $500 were due.

5.      On February 18, 2026, Blue Sun filed its then-outstanding monthly operating reports (*i.e.* August though December 2025) as well as the report for January 2026 and corrected most of the other deficiencies asserted in the United States Trustee's motion.  As a result, the United States Trustee withdrew his motion on February 20, 2026.  (*See* Doc. 73.)

6.      Upon the February 18, 2026 filing of those outstanding monthly operating reports, Blue Sun's outstanding quarterly fees were recalculated from $500 to $1,537.

7.      On or about March 18, 2026, Blue Sun paid that balance in full.

8.      On April 6, 2026, Blue Sun belatedly filed it February 2026 monthly operating report and has not filed any reports since then.  Currently, reports for March, April and May 2026 are outstanding and overdue.

9.      On April 8, 2026, Blue Sun was billed $1,086 for quarterly fees due for the first quarter of 2026.  That fee was due on April 30, 2026.

10.     Blue Sun has failed to pay its outstanding quarterly fee for the first quarter of 2026 and, thus, $1,086 remains unpaid and overdue.

11.     As discussed more fully below, cause exists to convert this case to Chapter 7, or to dismiss it.

## ARGUMENT

12.     Section 1112(b) of the Bankruptcy Code generally requires that once "cause" is established the Court must take one of three actions: (1) dismiss a Chapter 11 case, (2) convert it to Chapter 7, or (3) appoint a Chapter 11 trustee.  11 U.S.C. § 1112(b); *In re Landmark Atlantic Hess Farm, LLC,* 448 B.R. 707, 712 (Bankr. D. Md. 2011).  Which of the three actions should be taken is determined by the best interests of the creditors and the estate.  *Id.*

13.     In determining which of the three remedies is appropriate, the Court is to consider only the best interests of the creditors and the estate.  The interest of the debtor is not a factor to be considered. *Lakefront Investors, LLC, v. Clarkson*, 484 B.R. 72, 84-86 (D. Md. 2012).

14.     If the moving party establishes "cause," the debtor (or other party-in-interest opposing the motion) can avoid conversion, dismissal, or the appointment of a trustee only by showing:

    i.     "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate";

    ii.    a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

    iii.   the grounds for converting or dismissing the case include an act or omission of the debtor (a) for there exists a reasonable justification, and (b) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. 1112(b)(2).[2]

15. The Code provides 16 examples of "cause." 11 U.S.C. §1112(b)(4). The list, however, is non-exhaustive and, thus, various non-identified acts or failure to act may also constitute cause. *In re Skeen, Goldman, LLP*, Case No. 07-10535-JS, 2007 WL 4556683 at *4 (Bankr. D. Md., Dec. 20, 2007); *In re AmeriCERT, Inc.*, 360 B.R. 398, 401 (Bankr. D.N.H. 2007).

### Failure to File Monthly Operating Reports

16. Pursuant to 11 U.S.C. §§ 704(8), 1106(a)(1), 1107(a), and Federal Rule of Bankruptcy Procedure 2015, Chapter 11 debtors-in-possession are required to file operating reports with the Court and the United States Trustee on a monthly basis.

17. The failure to file monthly operating reports constitutes "cause," pursuant to 11 U.S.C. § 1112(b), for the conversion or dismissal of this case. *See Landmark Atlantic*, 448 B.R. at 716-17; *In re All Denominational New Church*, 268 B.R. 536, 538 (8th Cir. BAP 2001); *In re William Steiner, Inc.*, 139 B.R. 356, 358 (Bankr. D. Md. 1992); *see also* 11 U.S.C. § 1112(b)(4)(F) ("cause" includes the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter"). As one bankruptcy court explained:

---

[2] Where the "cause" shown is the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," conversion, dismissal or appointment of a trustee is required and the exceptions set forth in this paragraph do not apply. 11 U.S.C. § 1112(b)(2)(B).

> Monthly operating reports "are much more than busy work imposed upon a Chapter 11 debtor for no other reason than to require it do something." They are "the life blood" of chapter 11, enabling creditors to keep tabs on the debtor's post-petition operations. Failure to file them -- and to file them timely – is a serious breach of the debtor's fiduciary obligations and "undermines the Chapter 11 process." It is well established, consequently, that a debtor's failure to submit monthly operating reports is "cause" to convert the case or dismiss it.

*In re Rey*, Nos. 04-B-35040, 04-B-22548, 06-B-4487, 2006 WL 2457435 at *8 (Bankr. N.D. Ill. Aug. 21, 2006) (citations omitted); *see also In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) ("[r]efusal or inability to provide financial disclosure [through monthly operating reports] sounds the death knell of a chapter 11 case").

18.    Blue Sun has not filed any monthly operating reports since filing its February 2026 report.  Reports for March, April and May 2026 are overdue and outstanding.

19.    As its history shows, Blue Sun appears to be unable or unwilling to comply with its obligation to file timely monthly operating reports.

### Failure to Pay Quarterly Fees

20.    Pursuant to 28 U.S.C. § 1930(a)(6), the Blue Sun is required to pay the United States Trustee a quarterly fee "until the case is converted or dismissed, whichever occurs first."  This fee is determined under a sliding scale based upon quarterly disbursements and such disbursements are required to be reported in the monthly operating reports discussed above.

21.    Blue Sun has failed to pay the full amount of the quarterly fees due in this case. Blue Sun owes and has been billed for estimated quarterly fees in the amount of $1,086, for the

first quarter of 2026. Those fees could be higher depending upon Blue Sun's disbursements, but its failure to file its March 2026 report has made accurate calculation of the applicable fee impossible.

22. Blue Sun's failure to pay quarterly fees constitutes cause for dismissal or conversion pursuant to 11 U.S.C. § 1112(b)(4)(K).

## Local Rule 9013 Statement

23. The United States Trustee submits that no novel issue of law is presented with respect to the matters contained herein. Accordingly, pursuant to Local Bankruptcy Rule 9013-2, the United States Trustee states that he is not filing a memorandum of law in support of this motion and relies solely on the grounds and authorities set forth herein.

## RELIEF REQUESTED

WHEREFORE, the United States Trustee respectfully requests that this Court enter an Order:

(1) Granting this Motion;

(2) Converting to Chapter 7 or in the alternative dismissing this case; and

(3) Granting such other and further relief as is just and proper.

Dated: June 25, 2026

Respectfully submitted,

Andrew R. Vara
Acting United States Trustee for Region 3

By: */s/ Hugh M. Bernstein*
Hugh M. Bernstein
Fed. Bar No.: 23489
United State Department of Justice
101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-4300
E-mail: hugh.m.bernstein@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 25, 2026, a copy of the foregoing was sent via first class mail, postage prepaid to:

> Blue Sun Scientific, LLC
> 8017 Dorsey Run Rd
> Suite H
> Jessup, MD 20794-9372
>
> Dana Zakarian
> Smith Duggan Cornell & Gollub LLP
> 55 Old Bedford Road, Suite 300
> Lincoln, MA 01773.

According to the Court's ECF records, electronic notice of this motion should be provided to the following persons:

**Matthew Eliot Abbott**   MAbbott@wolawgroup.com, KDriscoll@wolawgroup.com
**Hugh M. (UST) Bernstein**   hugh.m.bernstein@usdoj.gov
**Michael Benjamin Brown**   mbbrown@milesstockbridge.com, jdiaz@milesstockbridge.com
**Addison J. Chappell**   achappell@milesstockbridge.com
**Patricia B. Jefferson**   pjefferson@milesstockbridge.com
**Michael David Nord**   mnord@gebsmith.com
**Jeffrey M. Orenstein**   jorenstein@wolawgroup.com
**Elizabeth Drayden Peters**   epeters@gebsmith.com
**US Trustee - Baltimore**   USTPRegion04.BA.ECF@USDOJ.GOV
**Maurice Belmont VerStandig**   mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

> */s/ Hugh M. Bernstein*
> Hugh M. Bernstein

- 8 -