UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
(Baltimore Division)

IN RE:                                          *

BLUE SUN SCIENTIFIC, LLC                        *      No.  25-17998-DER
                                                       Chapter 11

            Debtor                              *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## OPPOSITION TO MOTION TO CONVERT OR DISMISS

Comes now Blue Sun Scientific, LLC ("Blue Sun" or the "Debtor"), in opposition to the motion to convert or dismiss, ECF No. #92 (the "Motion"), filed by the United States Trustee (the "UST"), and states as follows:

### I.  Introduction

Blue Sun understands that monthly operating reports have been slow to be filed (and, with them, quarterly fees slow to be paid). This issue has been largely rectified, with two of the three overdue reports now caught up and, upon information and belief, the unpaid quarterly fees now paid. The reports on file continue to show a level of nuance and detail well above that typical for a debtor of Blue Sun's size.

Thus, while Blue Sun respects and appreciates the UST's Motion, the Debtor respectfully suggests the belated filings and remittances—to the extent such constitute "cause" for conversion or dismissal—ought to be "excused," 11 U.S.C. § 1112(b)(4)(F). The lone remaining MOR will be filed long before any hearing on the Motion. Similarly, any quarterly fees due and owing either have been—or promptly will be—paid.

For these reasons, and as extrapolated upon *infra*, it is respectfully urged the Motion be denied.

1

**II. Standard**

The Bankruptcy Code provides that matters under chapter 11 may be converted or dismissed, after notice and a hearing, for "cause." 11 U.S.C. § 1112(b)(1). The same statutory provision then goes on to non-exhaustively delineate what may constitute such cause, including, *inter alia*, "(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public; . . . (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter. . ." 11 U.S.C. § 1112(b)(4).

"The list is illustrative, not exhaustive. Courts may find cause for other equitable reasons." *In re Whetten*, 473 B.R. 380, 382 (Bankr. D. Colo. 2012) (citing 11 U.S.C. § 1112(b)(4); *In re FRGR Managing Member LLC*, 419 B.R. 576, 582–83 (Bankr.S.D.N.Y.2009)).

Once a party in interest has filed a motion seeking conversion or dismissal, and has then proceeded to establish cause (whether an enumerated or unenumerated ground), the burden shifts to the debtor:

> The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that-- (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)-- (i) for which there exists a reasonable justification for the act or omission; and (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

Additionally, in lieu of converting or dismissing a case, a court has the option of appointing a trustee if such "is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1).

2

### III. Argument

The Debtor acknowledges having fallen behind in the docketing of MORs prior to the Motion being filed. Such has, however, now been largely remedied (and will be fully remedied before any hearing on the Motion). Given that such is not *per se* cause for dismissal, and that the temporal requirement for docketing MORs in a "traditional" chapter 11 case is amorphous, the Debtor urges such ought not give rise to dismissal or conversion.

Section 1112(b)(4)(F) does not create a hardline rule where tardy filings *ipso facto* give rise to conversion or dismissal; the statutory provision, rather, relies on notions of equity, insisting "cause" to only be extant where the tardiness is not subsequently "excused." As noted by this Honorable Court: "The non-filing of required reports must be 'unexcused,' therefore indicating that the court has discretion to determine whether the debtor's failure rises to the level of cause." *In Landmark Atl. Hess Farm, LLC*, 448 B.R. 707, 716 (Bankr. D. Md. 2011).

Equally, while the Debtor in this case believes MORs should be filed on a monthly basis, by the 21st day thereof (or on the next succeeding business day), it does bear notation that the deadline is not actually fixed by law and a breach thereof accordingly cannot constitute "cause" absent subjective, contextual showings. The Motion relies on sections 704, 1106 and 1107 of the Bankruptcy Code, alongside Federal Rule of Bankruptcy Procedure 2015. *See* Motion, ECF No. #92, at ¶ 16. Section 1106 requires a trustee to file the reports called for in section 704, which only demands ". . . *periodic* reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires," 11 U.S.C. § 704(a)(8) (emphasis added), not going so far as to expressly state such reports are to be monthly or the time by which each such report is to be filed. Section 1107 merely serves to make section 1106 binding on debtors-in-possession (as opposed to

3

chapter 11 trustees). *See* 11 U.S.C. § 1107. And Federal Rule of Bankruptcy Procedure 2015, which *does* impose a monthly deadline and command reports be filed by the 21st day of each month, is only topically applicable (as to the date and nature of filings) to "a Chapter 11 small business case." Fed. R. Bankr. P. 2015(a)(6).

This is not a small business case. *See* Voluntary Petition, ECF No. #1, at p. 2. And in the unique factual construct of this case, where markedly detailed operating reports have graced the docket, it is respectfully urged the filings should be accepted as excusable.[1]

### IV. Conclusion

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) deny the Motion; or, in the alternative, (ii) appoint a chapter 11 trustee; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Maurice B. VerStandig
Maurice B. VerStandig,(#18071)
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com
Counsel for Blue Sun Scientific, LLC

*[Signature on Following Page]*

---

[1] To the extent the Motion rests, too, on the late payment of quarterly fees: section 1112(b)(4)(K) only governs a wholesale failure to pay fees. The Debtor can—and will—do a better job promptly remitting fees. But the late payment of fees is not cause for conversion or dismissal under the plain language of the governing statute.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY, that on the 8th day of July, 2026, a copy of the foregoing was served through this Honorable Court's CM/ECF system to:

- Matthew Eliot Abbott    MAbbott@wolawgroup.com, KDriscoll@wolawgroup.com
- Hugh M. (UST) Bernstein    hugh.m.bernstein@usdoj.gov
- Michael Benjamin Brown    mbbrown@milesstockbridge.com, jdiaz@milesstockbridge.com
- Addison J. Chappell    achappell@milesstockbridge.com
- Patricia B. Jefferson    pjefferson@milesstockbridge.com
- Michael David Nord    mnord@gebsmith.com
- Jeffrey M. Orenstein    jorenstein@wolawgroup.com
- Elizabeth Drayden Peters    epeters@gebsmith.com
- US Trustee - Baltimore    USTPRegion04.BA.ECF@USDOJ.GOV
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

<u>/s/ Maurice B. VerStandig</u>
Maurice B. VerStandig