**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| In re: | Jointly Administered Under |
| BLUE SUN SCIENTIFIC, LLC, | Case No. 25-17998-DER (Lead Case) |
| THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD, | Case No. 25-18000-DER |
| Debtors. | Chapter 11 |

**MOTION OF KPM ANALYTICS NORTH AMERICA CORPORATION FOR THE
ENTRY OF AN ORDER AUTHORIZING EXAMINATION OF BLUE SUN
SCIENTIFIC, LLC PURSUANT TO BANKRUPTCY RULE 2004**

KPM Analytics North America Corporation ("Movant" or "KPM"), by and through undersigned counsel, hereby files this Motion for the Entry of an Order Authorizing Examination of Blue Sun Scientific, LLC Pursuant to Bankruptcy Rule 2004 (the "Motion"). In support of this Motion, the Movant states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and Fed. R. Bankr. P. 2004.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2).

**BACKGROUND**

4. Blue Sun Scientific, LLC ("Debtor") and the Innovative Technologies Group & Co., LTD ("ITG") commenced the above-captioned cases on August 29, 2025, by filing voluntary petitions pursuant to Chapter 11 of the Bankruptcy Code. The Debtor and ITG's bankruptcy cases follow Movant's successful prosecution of claims against them for

120888\000001\4921-0507-5645.v3

misappropriation of trade secrets, tortious interference, and statutory violations for unfair trade practices in the United States District Court for the District of Massachusetts in the case styled as *KPM Analytics North America Corp. v. Blue Sun Scientific, LLC, et al.*, Case Number 4:21-cv-10572-MRG (D. Mass.).  The history between Movant, the Debtor, and ITG is well-documented in other filings before this Court.

5.      The Debtor is operating as a debtor-in-possession, and its case is jointly administered, but not consolidated, with ITG's case.

6.      Based upon information provided in the Debtor's pleadings and schedules, it serves as the exclusive sales agent for ITG's products.

7.      A review of the Debtor's monthly operating reports reveals that one of its most significant business partners is Vista Sales Consulting, LLC ("Vista").  Post-petition, the Debtor has received at least $400,000.00 in payments from Vista.  For a debtor of this size, this figure represents a substantial portion of its post-petition revenues.  As such, Vista will play a significant role in any Chapter 11 plan the Debtor proposes, and represents a critical source of revenue for funding a Chapter 11 plan.

8.      Based on publicly available information, Vista is a Wyoming limited liability company formed in February 2025, which is six months before the Debtor commenced this bankruptcy case.  The Movant has reason to believe that certain individuals associated with Vista may have prior or current affiliations with the Debtor or its principals.  Taken together, the timing of Vista's formation, the potential for common ownership or shared employees with the Debtor, and the significant volume of post-petition revenue flowing from Vista to the Debtor warrant further inquiry into the nature of the Debtor's relationship with Vista.

2

9.     Given these items and Vista's role as a significant source of post-petition revenue, the Movant seeks to better understand the nature of the relationship between the Debtor and Vista, including, but not limited to: (a) whether the terms of their business dealings reflect arm's-length transactions; and (b) the extent of any shared common ownership, management, or control.

10.     Through this Motion, the Movant seeks limited discovery to clarify the business relationship between the Debtor and Vista.

11.     The Movant's discovery requests are narrowly tailored to address specific concerns about a single business relationship that appears material to the estate.  The Movant is not seeking a broad examination into all of the Debtor's affairs, but rather focused information necessary to examine the Vista relationship.

## RELIEF REQUESTED

12.     The Movant respectfully requests the entry of an order: (i) compelling Debtor to respond to interrogatories and document requests within fourteen (14) days of the date of issuance; and (ii) authorizing the Movant to depose a representative of the Debtor if necessary to clarify specific responses to the interrogatories and document requests.

13.     The document requests and interrogatories are attached as **Exhibit A**.

## BASIS FOR RELIEF

14.     Pursuant to Bankruptcy Rule 2004, a party in interest is entitled to inquire into the acts, conduct, property, liabilities, financial condition of the debtor, or to any matter which may affect the administration of the estate.  Fed. R. Bankr. P. 2004.

15.     The scope of an examination pursuant to Bankruptcy Rule 2004 is unfettered and broad.  *In re GHR Energy Corp.,* 33 B.R. 451, 453 (Bankr. D. Mass. 1983).  The purpose is to

120888\000001\4921-0507-5645.v3

assure the proper administration of the bankruptcy estate, and one of its most obvious purposes is the discovery of assets of the estate. *See In re Symington*, 209 B.R. 678, 683-684 (Bankr. D. Md. 1997) (citations omitted). "Discovery under Rule 2004 extends beyond the debtor to persons associated with him as well as to those persons who may have had business dealings with the debtor." *Symington*, 209 B.R. at 690 (quotation omitted). Some courts have even likened the scope of a Rule 2004 examination to a legitimate "fishing expedition." *In re Hammond*, 140 B.R. 197 (S.D. Ohio 1992); *In re GHR Energy Corp.,* 33 B.R. at 453.

16.     In Chapter 11 cases, Bankruptcy Rule 2004 allows a party in interest to examine any entity relating to "(A) the operation of any business and the desirability of its continuing; (B) the source of any money or property the debtor acquired or will acquire for the purpose of consummating a plan and the consideration given or offered; and (C) any other matter relevant to the case or to formulating a plan." Fed. R. Bankr. P. 2004(b)(2).

17.     In connection with a Bankruptcy Rule 2004 examination request, the Court can compel document production. Fed. R. Bankr. P. 2004(c). In the instant case, the purpose of the Movant's request is to investigate the business relationship between the Debtor and Vista.

18.     Pursuant to Local Rule 9013-2, the Movant will not be filing a separate Memorandum of Law in support of this Motion and relies solely on this Motion.

WHEREFORE, the Movant respectfully requests that this Court (i) grant this Motion in its entirety; (ii) require the Debtor to produce responses to document requests and interrogatories within fourteen (14) days of the date of their issuance; (iii) require a representative of the Debtor to appear for a deposition to be scheduled by the Movant; and (iii) grant such further and additional relief as this Court deems just and proper.

120888\000001\4921-0507-5645.v3

DATE:  August 5, 2026

Respectfully submitted,

/s/ Addison J. Chappell
Addison J. Chappell
  Fed. Bar. No. 21852
Michael B. Brown
  Fed. Bar No. 19641
Miles & Stockbridge P.C.
100 Light Street, 7th Floor
Baltimore, Maryland 21202
Phone: (410) 385-3481
Email: achappell@milesstockbridge.com

*Counsel to KPM Analytics North America Corporation*

5

120888\000001\4921-0507-5645.v3

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 5, 2026, a copy of the foregoing Motion, Exhibit, and proposed Order were served electronically on all parties registered to receive electronic noticing in this case via this Court's CM/ECF system, including upon:

- **Matthew Eliot Abbott**   MAbbott@wolawgroup.com, KDriscoll@wolawgroup.com
- **Hugh M. (UST) Bernstein**   hugh.m.bernstein@usdoj.gov
- **Michael David Nord**   mnord@gebsmith.com
- **Jeffrey M. Orenstein**   jorenstein@wolawgroup.com
- **Elizabeth Drayden Peters**   epeters@gebsmith.com
- **US Trustee - Baltimore**   USTPRegion04.BA.ECF@USDOJ.GOV
- **Maurice Belmont VerStandig**   mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email


*/s/ Addison J. Chappell*
Addison J. Chappell

6

120888\000001\4921-0507-5645.v3