**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re:<br><br>BLUE SUN SCIENTIFIC, LLC,<br><br>THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD,<br><br>Debtors. | Jointly Administered Under<br><br>Case No. 25-17998-DER (Lead Case)<br><br>Case No. 25-18000-DER<br><br>Chapter 11 |

**EXHIBIT A**

**Document Requests**

**REQUEST NO. 1.** All documents relating to Blue Sun Scientific, LLC's (the "Debtor"), its employees, anyone working on the Debtor's behalf, the Innovative Technologies Group & Co., LTD, and/or Irvin Lucas's, involvement in the decision to form Vista Sales Consulting, LLC ("Vista"), including board minutes, emails, memoranda, and notes reflecting the purpose for forming Vista.

**REQUEST NO. 2.** All communications, in any medium, including physical and electronic, between and among the Debtor, its employees, any employee of the Innovative Technologies Group & Co., LTD, and any of the following individuals – Irvin Lucas, Robert Wilt, David Bush, Cathy Wilt, Robert Gajewski, Michelle Gajewski, Rachael Glenister, Cody Hitchens, John Gorton, and Arnold Eilert – concerning the formation, purpose, or role of Vista as it relates to Debtor, including but not limited to communications concerning the decision to form Vista, the intended or actual purpose of Vista, the role of any of the above-named individuals in Vista, and the relationship or affiliation between Vista and the Debtor.

120888\000001\4931-7598-5854.v2

**REQUEST NO. 3.**   All documents sufficient to identify any individual employed by Vista who has worked for, and/or simultaneously works for, the Debtor from January 1, 2024 to the present.

**REQUEST NO. 4.**   All employment agreements, separation agreements, or severance agreements for any employee of the Debtor who left the Debtor's employment to work for Vista.

**REQUEST NO. 5.**   All documents reflecting any services, functions, collection of accounts receivable, or work performed by Vista on behalf of the Debtor.

**REQUEST NO. 6.**   Documents sufficient to show the pricing methodology and fair market value analysis, if any, applied to sales of products from the Debtor to Vista.

**REQUEST NO. 7.**   All documents sufficient to identify any customer that transacted business with the Debtor and/or the Innovative Technologies Group & Co., LTD, and subsequently began transacting business with Vista after Vista was formed.

**REQUEST NO. 8.**   All documents and communications, in any medium (whether physical or electronic), exchanged between the Debtor and any of its customers from January 1, 2024 to the present, directing, referring, or instructing any such customer to conduct business with Vista.

**REQUEST NO. 9.**   All documents reflecting any changes in the Debtor's customer base, sales volume, or revenue from January 1, 2024 to the present, particularly in connection with the formation or operation of Vista.

**REQUEST NO. 10.**   All invoices, purchase orders, shipping records, bills of sale, asset purchase agreements, leases, or other related documents evidencing the transfer of any asset, equipment, inventory, product or supplies from the Debtor to Vista from January 1, 2024 to the present.

**REQUEST NO. 11.**  All documents concerning any sale, transfer, or other conveyance of any portion of the Debtor's business or assets to Vista, including but not limited to any asset purchase agreement, bill of sale, or other transaction document, together with any schedule, exhibit, or other description identifying the specific assets, contracts, personnel, customer lists, or business operations transferred or purchased.

**REQUEST NO. 12.**  All documents reflecting the consideration paid, if any, by Vista for any asset it acquired from the Debtor.

**REQUEST NO. 13.**  All appraisals, valuations, or other documents used to determine the value of any asset(s) transferred from the Debtor to Vista.

**REQUEST NO. 14.**  Copies of all contracts, engagements, or agreements assigned, transferred, or otherwise rolled over from the Debtor or the Innovative Technologies Group Co., LTD., to Vista, together with any related assignment or novation documents.

**REQUEST NO. 15.**  Documents sufficient to show any transfer of funds between the Debtor and Vista, including wire transfer records, canceled checks, and account ledgers from January 1, 2024 to the present.

**REQUEST NO. 16.**  Copies of the Debtor's letterhead, branding materials, marketing collateral, signage, and trade name filings.

**REQUEST NO. 17.**  All documents and communications, in any form and by any means (including print, electronic, and social media), by or on behalf of the Debtor that reference, describe, or characterize Vista's business, operations, customer relationships, brand, or goodwill in relation to the Debtor, including but not limited to marketing materials, press releases, website content, or social media postings referencing Vista, Vista's business, products, services, or trade names; internal or external correspondence, presentations, or talking points

120888\000001\4931-7598-5854.v2

discussing how Vista's business relates to, derives from, or was previously conducted by the Debtor; customer-facing communications (including notices, FAQs, transition letters, or account materials) addressing changes in ownership, operations, or service continuity following the creation of Vista; and statements to vendors, lenders, employees, regulators, or the public describing the history, origin, or provenance of Vista's business or assets.

**REQUEST NO. 18.** All documents relied upon in responding to the interrogatory requests contained herein.

**REQUEST NO. 19.** Documents sufficient to show each sale the Debtor has made between March 1, 2023 through the present, including but not limited to the name of the customer, the name of the individual who made the sale on behalf of Debtor, what was purchased by the customer, the date of the transaction, and the amount of the sale.

120888\000001\4931-7598-5854.v2

**Interrogatories**

**INTERROGATORY NO. 1.** Identify each person employed by, or acting on behalf of, Blue Sun Scientific, LLC (the "Debtor"), the Innovative Technologies Group & Co., LTD, and ITPROP, LLC who participated in any discussion, meeting, or decision regarding the formation of Vista Sales Consulting, LLC ("Vista"), and describe the role each such person played in forming Vista.

**INTERROGATORY NO. 2.** For each of the following individuals – Irvin Lucas, Robert Wilt, David Bush, Cathy Wilt, Robert Gajewski, Michelle Gajewski, Rachael Glenister, Cody Hitchens, John Gorton, and Arnold Eilert – state whether the individual participated in, or had or has any role in, the formation, ownership, management, or operation of Vista, including but not limited to involvement with Vista as an employee or independent contractor, and, if so, describe that individual's role, including the nature, dates, and scope of the individual's involvement in each such category (formation, ownership, management, and/or operation).

**INTERROGATORY NO. 3.** Identify each current or former employee of the Debtor who has performed any work for, or received any compensation from, Vista, and state the dates during which each such individual worked for or was compensated by Vista.

**INTERROGATORY NO. 4.** For each employee identified in response to the immediately preceding interrogatory, state whether that employee's departure from the Debtor (if applicable) involved any severance, separation, or other agreement, and identify the terms of any such agreement.

**INTERROGATORY NO. 5.** Describe in detail each service, function, or item of work that Vista has performed on behalf of, or at the direction of, the Debtor, and state the dates during which each such service or function was performed.

5

**INTERROGATORY NO. 6.**     Identify each product sold by the Debtor to Vista from January 1, 2024 through the present, and state the quantity, price, and date of each such sale.

**INTERROGATORY NO. 7.**     Describe the methodology used to determine the price charged by the Debtor to Vista for any product, including whether the price of each product reflects the fair market value and whether any special pricing, discounts, rebates, or other non-arm's-length terms have been offered or applied to such sales, and identify all documents that support or relate to your response.

**INTERROGATORY NO. 8.**     Identify each customer of the Debtor that has, to the Debtor's knowledge, also transacted business with Vista, and state the approximate date on which each such customer began transacting business with Vista.

**INTERROGATORY NO. 9.**     State whether the Debtor's customer base, sales volume, or revenue has changed at any time from January 1, 2024 to the present, and if so, state: (a) the extent of any such change, expressed in both percentage and dollar terms, and the relevant time periods being compared; (b) each factor that the Debtor contends contributed to any such change; and (c) whether the Debtor contends that any customers switched their business from the Debtor to Vista and, if so, identify each such customer.

**INTERROGATORY NO. 10.**     Identify each customer that has stopped ordering products from the Debtor and/or The Innovative Technologies Group Co., LTD., and now orders products exclusively from Vista, and for each such customer, state: (a) the date on which the customer stopped ordering products from the Debtor or The Innovative Technologies Group Co., LTD.; (b) the date on which the customer began ordering products from Vista, if known; (c) the type or category of products the customer previously ordered from the Debtor or The Innovative

6

Technologies Group Co., LTD.; and (d) the basis for the Debtor's identification of the customer in response to this Interrogatory, including identification of any supporting documents.

**INTERROGATORY NO. 11.** Identify and describe in detail each asset, item of equipment, item of inventory, supplies, or any portion of the Debtor's business that the Debtor transferred, sold, or otherwise conveyed to Vista between January 1, 2024 to the present and the reason for such transfer, sale, or conveyance.

**INTERROGATORY NO. 12.** Identify each contract, engagement, or agreement that was assigned, transferred, or otherwise rolled over from the Debtor to Vista, and describe the terms of any such assignment or transfer, including any consideration exchanged and why the assignment or transfer occurred.

**INTERROGATORY NO. 13.** Identify each transfer of funds between the Debtor and Vista from January 1, 2024 through the present, including the date, amount, and purpose of each transfer, and the account(s) from and to which each transfer was made.

**INTERROGATORY NO. 14.** State whether Vista has collected, received, or been paid any accounts receivable initially owed to the Debtor from the date of Vista's inception to the present, and if so, identify the amount of each such receivable, the customer from whom it was collected, and why Vista collected the funds instead of the Debtor.

**INTERROGATORY NO. 15.** Describe in detail whether Vista's business, operations, customer relationships, brand, or goodwill relate to the Debtor, including but not limited to (a) any of the Debtor's marketing materials, press releases, website content, or social media postings referencing Vista, Vista's business, products, services, or trade names; (b) any internal or external correspondence, presentations, or talking points discussing how Vista's business relates to, derives from, or was previously conducted by the Debtor; (c) any customer-

facing communications, including notices, FAQs, transition letters, or account materials, addressing changes in ownership, operations, or service continuity following the creation of Vista; and (d) any statements made to vendors, lenders, employees, regulators, or the public describing the history, origin, or provenance of Vista's business or assets.

**INTERROGATORY NO. 16.**    State whether the Debtor contends that Vista is a distinct and unrelated business from the Debtor, and if so, describe in detail the factual basis for that contention, including any differences in ownership, management, personnel, operations, assets, or customers between the Debtor and Vista.

**INTERROGATORY NO. 17.**    Describe in detail the process and pricing methodology that the Debtor applied, and applies, to generate the sales price of products it sells to Vista, including: whether the Debtor performed any fair market value analysis in connection with such sales, and, if so, describe that analysis and whether the price of each product reflects fair market value; whether the prices charged for such products changed at any time as a result of, or in connection with, Vista's creation, and, if so, the nature and amount of each such change and the date it took effect; and whether any special pricing, discounts, rebates, or other non-arm's-length terms have been offered or applied to such sales to Vista.

**INTERROGATORY NO. 18.**    Identify each sale Debtor has made between March 1, 2023 through the present, including but not limited to the name of the customer, the name of the individual who made the sale on behalf of Debtor, what was purchased by the customer, the date of the transaction, and the amount of the sale.

120888\000001\4931-7598-5854.v2