**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
(Baltimore Division)

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| BLUE SUN SCIENTIFIC, LLC, | * | Case No. 25-17998-DER |
| | * | (Chapter 11) |
| Debtor | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| IN RE: | * | |
| | * | Case No. 25-18000-DER |
| THE INNOVATIVE TECHNOLOGIES | * | (Chapter 11) |
| GROUP & CO, LTD, | * | |
| | * | Jointly administered under |
| Debtor | * | Case No. 25-17998-DER |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

FIRST INTERIM APPLICATION FOR ALLOWANCE OF ATTORNEYS' FEES TO SPECIAL COUNSEL FOR THE DEBTORS FOR THE PERIOD FROM OCTOBER 31, 2025 THROUGH JULY 31, 2026

Smith Duggan Cornell Gollub, LLP ("Applicant"), special counsel to Blue Sun Scientific, LLC ("Blue Sun") and The Innovative Technologies Group & Co., Ltd., ("ITG") (collectively, "Debtors"), files this first interim Application for allowance of attorneys' fees to Applicant for the Period from October 31, 2025 through July 31, 2026, and respectfully states as follows:

1. On August 29, 2025 (the "Petition Date"), the Debtors filed their Voluntary Petitions for relief under Chapter 11 of the Bankruptcy Code. Thereafter, the Debtors continued to possess their property and manage their business affairs as Debtors-in-Possession.

2. The Debtors sought and obtained the Court's authority to retain Applicant as special counsel to handle an appeal from a February 7, 2025, federal court judgment against the Debtors in the United States District Court for the District of Massachusetts (the "Appellate Proceeding"), which, among other things, precipitated the Debtors' bankruptcy filings. Over KPM's objection, this Court authorized Applicant's employment as special counsel for the

Debtors on October 31, 2025 (See Doc. No. 30).

3. In the Appellate Proceedings, and after entry of this Court's Order lifting the automatic stay, the Debtors filed their Opening Brief on December 29, 2025. KPM filed its Brief in Opposition on February 6, 2026, and the Debtors filed their Reply Brief on February 27, 2026.

4. The United States Court of Appeals for the First Circuit (the "Appellate Court")initially scheduled oral argument for May 7, 2026. Two days before, the Appellate Court postponed the hearing at KPM's counsel's request.

5. The oral argument went forward on July 30, 2026.

6. With the oral argument now complete, the Applicant seeks payment for its work since being appointed as special counsel in these bankruptcy cases.

7. Applicant's time records reflect that Applicant has spent three hundred fifty and eight tenths hours (350.8) hours in representing the Debtors during the period addressed by this Fee Application, having a total value of $192,305.00. The following individuals have spent time performing legal services on the Debtors' behalf:

| **Timekeeper/Position** | **Hours** | **Hourly Rate** | **Value** |
|---|---|---|---|
| Dana A. Zakarian (Partner) | 95.2 | $650 | $61,880 |
| Christopher J. Hurst (Partner) | 164.5 | $550 | $90,475 |
| Jennifer Rudman (Associate) | 15.7 | $450 | $7,065 |
| Steven Procopio (Associate) | 71.9 | S300 (discounted rate) | $21,570 |
| Danielle A. Nelligan (Paralegal) | 32 | $350 | $11,200 |
| Nanour Derderian (Paralegal) | .2 | $350 | $70 |
| Emmeli Gordon (Paralegal) | .3 | $150 (discounted rate) | $45 |
| **Total:** | **350.8** | | **$192,305** |

8. Applicant asserts that the reasonable value of the services rendered by Applicant in connection with the Appellate Proceedings is $192,305.00.

9. In making this request, and consistent with local practice in this Court, Applicant has used the hybrid of the lodestar analysis and a twelve-factor test, which was first expressed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) and that was adopted by the Fourth Circuit in Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir. 1978). Applicant's analysis of the services provided to the Debtors under this approach is as follows:

a. Time and Labor Required - As reflected in Applicant's time records provided in Exhibit 1attached hereto and made a part hereof, the total hours expended by Applicants in representing the Debtors during the period addressed by this Lodestar analysis was 350.8 hours. At KPM's request, the First Circuit continued the initial oral argument date days before the hearing, which resulted in a two-and-a-half-month delay and the Applicants having to reprepare for the argument.

b. Novelty and Difficulty of Questions – The Debtors' appeal, which stems from the trial of a trade secret case, presents novel issues of law related to personal jurisdiction, preemption, the appropriate measure of trade secret damages, and jury instructions—including at least one issue of first impression in the jurisdiction. The record on appeal is lengthy (4,439 pages), which added to the complexity of the appeal.

c. Skill Required - Because of the nature of the issues discussed above, in order to adequately represent the Debtors during these proceedings, an expertise in the areas of personal jurisdiction, trade secret law, and appellate procedure were required. Applicant believes that the skill was required in order to properly

perform the legal services required by the Debtors and believes that it possesses such skills. Dana A. Zakarian, the attorney who gave oral argument in the appeal has practiced for more than twenty-five (25) years primarily in the area of commercial litigation. Mr. Zakarian has been involved in numerous complex business litigations trials and appeals, including trade secret trials and appellate work. He is a member of the American Board of Trial Advocates. Christopher J. Hurst, an attorney with fourteen (14) year's experience is the principal brief author, and has obtained dismissal for clients for lack of personal jurisdiction in multiple matters at the trial court level, and has previously represented clients in personal jurisdiction and trade secret appeals. Applicant's firm is Chambers rated.

d. Tasks that did not require the experience of senior attorneys were delegated to associates, Jennifer Rudman and Steven Procopio, or paralegals.

e. Preclusion of Other Employment – Applicant is always engaged in other pending proceedings and, during the time that they were engaged in this case, they necessarily were precluded from spending that time on other matters that may have resulted in more timely payment of fees to Applicant.

f. Customary Fee - The customary fees charged in these matters are normally measured by the time expended and the results obtained. With some limited exception, in representing the Debtors, Applicant billed at its usual and customary rate for all similar appellate and non-appellate cases at all times that services were provided, and in line with their Retention Agreement with the Debtors. For timekeeper associate Steven Procopio, Applicant discounted his hourly rate to

$300.00 which is below the associate rate in the Retention Agreement ($450.00) and well below the market rate.

Applicant is confident that both its hourly rates and the total fees it charges for their services were, and remain, at or below what other firms and attorneys charge or charged for similar services during the relevant time periods covered. This Court has already approved the Applicant to act as special counsel for the Debtors. Applicant's rates were set out in the engagement agreement which was attached to their Application to Employ Special Count (Doc. No. 19-1), and referenced therein (Doc. No. 19, para. 34). Therefore, while fees are always subject to the Court's review and approval, this Court has already implicitly approved those rates.

Should there be any doubt about the reasonableness of those rates, the Court need look no further than the rates that the Massachusetts District Court approved as reasonable for KPM's lawyers, which ranged from $675.00 for partners to $370.00 for associates: First Circuit Record Appendix p. 3245 chart, and attached as Exhibit 2. Therefore, the Applicant's rates are in line with KPM's own lawyers. The Applicant's rates are reasonable compared to what some other firms in the market charge for similar work. In another trade secret trial in Massachusetts federal court in 2023, a judge approved as reasonable rates which ranged from $956.00 per hour for a senior partner to $495.00 per for hour for junior associates and law clerks. See BioPoint v. Catapult, 1:20-cv-10118-RGS, ECF No. 250, July 11, 2023 Order on Fees, p. 3., attached as Exhibit 3.

g. Applicants' Expectations at the Outset of the Case - At the outset of the case, Applicant's expected to handle the Appellate Proceedings from briefing through oral argument.

h. Time Limitations - There were no exceptional time constraints imposed in this case, beyond those normally accompanying an appeal.

i. Amounts Involved and Results Obtained – This is a high stakes appeal for the Debtors. The judgment is more than $9,000,000.00 and collection activity on the Judgment ultimately led to the Debtors' bankruptcy filing. The First Circuit has yet to decide the appeal, but the quality of the briefing and oral argument stands in its own right. See Exhibits 4-6 (Debtor's Opening Brief, KPM's Brief, and Debtors' Reply Brief); Oral Argument recording, https://www.ca1.uscourts.gov/sites/ca1/files/oralargs/25-1222_20260730.mp3.

j. Expertise, Reputation and Ability of Attorneys - The expertise and ability of the individuals who contributed services to this case have been discussed in paragraph (c) above.

k. Undesirability of Case - This case may be reasonably viewed as undesirable because of the Debtors prospects of being able to make legal fee payments, and their prior counsel's withdrawals.

l. Nature and Length of a Professional Relationship – Prior to the pre-Petition commencement of this appeal, Applicant had not represented the Debtors. The Debtors retained the Applicant because of its experience with trade secrets cases, personal jurisdiction law, and appeals.

m. Awards in Similar Cases - Based upon the time invested and the work product, and as described in more detail herein, Applicant believes that the fees requested in this matter are comparable to, or more likely, below, fees that would have been incurred by other attorneys and that they are comparable or below the fees charged by similar attorneys.

10. In Anderson v. Morris, 658 F.2d 246 (4th Cir. 1981), the Fourth Circuit recognized that the Johnson factors are difficult to quantify because some factors are overlapping, '"and there is no guidance as to the relative importance of each factor, or indeed, how they are to be applied in a given case."' 658 F.2d 246, 249 (4th Cir. 1981) (citing Northcross v. Bd. of Educ. of Memphis City Schools, 611 F.2d 624, 642 (6th Cir. 1979)). Accordingly, in Anderson, the Fourth Circuit provided further guidance on application of the Johnson factors as follows:

> The Court of Appeals of the Fifth Circuit, progenitor of the Johnson factors, has recognized these problems. It therefore has instructed district courts to first ascertain the nature and extent of the services supplied by the attorney from a statement showing the number of hours worked and an explanation of how these hours were spent. The court should next determine the customary hourly rate of compensation. These are essentially Johnson factors 1 and 5. The court should then multiply the number of hours reasonably expended by the customary hourly rate to determine an initial amount for the fee award. Finally, the court should adjust the fee on the basis of the other factors, briefly explaining how they affected the award. In re First Colonial Corp. of America, 544 F.3d 1291, 1298–1300 (5th Cir. 1977). See also Copper Liquor, Inc. v. Adolph Coors Co., 624 F.2d 575, 581–84 (5th Cir. 1980). We endorse this manner of applying the Johnson factors.

Id. See also Harman v. Levin, 772 F.2d 1150 (4th Cir. 1985).

11. Applying the Anderson test, Applicant notes that because its billing rate is the same or less than the rate that is generally charged by attorneys with similar experience handling

similar work, the amount that Applicant seeks by, in part, multiplying the number of hours spent on this engagement by its hourly rate, is the same or less than that which would typically be sought by, or awarded to, other attorneys if they were preforming the same services. As a result, Applicant asserts that the $192,305.00 that it seeks as compensation in this case, especially when applied to the other Johnson factors as modified by the Fourth Circuit's opinion in Anderson, is an especially reasonable fee.

12. In addition to the services that it provided, Applicant incurred un-reimbursed out-of-pocket expenses of $11,535.31 for brief binding and printing by Bateman & Slade, a trusted vendor of the Applicant. The First Circuit rules require appellants to provide nine bound paper copies of their opening brief, the joint appendix (which was over 4,000 pages for each copy), and their reply brief. Bateman & Slade charged $10,451.21 for the opening brief and appendix, and $1,084.10 for the reply briefing. See Invoices attached as Exhibit 7.

13. Applicant -presently holds $160,000.00 in trust for the Debtors from funds that, by Court Order, have been received from the Debtors. Per the Retention Agreement, the Debtors are to pay to Applicant's trust account an additional $20,000 every month.

14. Applicant has not previously submitted any interim applications for compensation and has not received any post-petition payments for services provided to the Debtors in this case other than those that are being held in Applicant's trust account.

15. The undersigned hereby certifies that he is familiar with Local Rule 2016-1 and Appendix "D" thereto, the Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland (the "Compensation Guidelines"), and that to the best of his knowledge this Lodestar analysis, seeking compensation from the estate, was submitted in conformity with the Local Rule and the Compensation Guidelines.

WHEREFORE, Applicant respectfully requests that this Court enter an Order:

A. Allowing fees to Applicants in the amount of $192,305.00;

B. Allowing expenses in the amount of $11,535.31.

C. Authorizing the Applicant to apply the funds held in its trust account, as those funds may be supplemented by further payments from the Debtors, against the amounts awarded.

D. Authorizing the Debtors to pay the balance of such award from funds presently in the Debtors' possession or from other funds as they are collected by the Debtors, until such balance is paid in full per the Retention Agreement and this Court's Order in the ordinary course.

E. Granting such other and further relief as may be appropriate.

Respectfully submitted,

/s/ Dana A. Zakarian
Dana A. Zakarian (63652)
Christopher J. Hurst (1188843)
SMITH DUGGAN CORNELL & GOLLUB LLP
55 Old Bedford Road, Suite 300
Lincoln, MA 01773
Tel: 617-228-4416
dana.zakarian@smithduggan.com
churst@smithduggan.com

Special Counsel for Blue Sun Scientific, LLC and
The Innovative Technologies Group & Co., Ltd

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of August, 2026, a copy of the foregoing will be sent via the Court's CM/ECF system to:

| | |
|---|---|
| Hugh M. Bernstein | hugh.m.bernstein@usdoj.gov |
| Michael B. Brown | mbbrown@milesstockbridge.com, jdiaz@milesstockbridge.com |
| Addison J. Chappell | achappell@milesstockbridge.com |
| Michael David Nord | mnord@gebsmith.com |
| Jeffrey M. Orenstein | jorenstein@wolawgroup.com |
| US Trustee – Baltimore | USTPRegion04.BA.ECF@USDOJ.GOV |
| Timothy VanCisin | tvancisin@gebsmith.com |
| Maurice Belmont VerStandig | mac@mbvesq.com; lisa@mbvesq.com;mahlon@dcbankruptcy.com; mac@dcbankruptcy.com; verstandig.mauricer104982@notify.bestcase.com; verstandiglaw@recap.email |

/s/ Jeffrey M. Orenstein
Jeffrey M. Orenstein