**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
(Baltimore Division)

| | |
|---|---|
| In Re<br><br>**BLUE SUN SCIENTIFIC, LLC,**<br><br>Debtor. | Bankruptcy Case: 25-17998-DER<br><br>Chapter 11 |

**THE UNITED STATES TRUSTEE'S**
**MOTION TO CONVERT TO CHAPTER 7 OR DISMISS CASE**

Matthew W. Cheney, Acting United States Trustee for Region 4, which includes the District of Maryland, Baltimore Division (the "United States Trustee"), respectfully requests that this Court enter an Order, pursuant to 11 U.S.C. §1112(b), converting to Chapter 7 or dismissing the above-referenced case.

In support thereof, the United States Trustee represents as follows:

## BACKGROUND

1. Debtor, Blue Sun Scientific, LLC ("Blue Sun"), commenced this Chapter 11 case on August 29, 2025. (*See* Doc. 1.)

2. Blue Sun is a wholly owned subsidiary of The Innovative Technologies Group & Co, Ltd. ("Innovative Tech"), the debtor in Chapter 11 case 25-18000-DER.

3. Blue Sun acts as Innovative Tech's sales and marketing arm.

4. On February 3, 2026, the United States Trustee filed a motion, pursuant to 11 U.S.C. § 1112(b), to convert or dismiss this case because, *inter alia*, Blue Sun had failed to file

any of its monthly operating reports or to pay any of its statutorily-required quarterly fees. (*See* Doc. 62.) At the time that motion was filed, reports for August, September, October, November and December of 2025 were outstanding and overdue, and estimated fees of $500 were due.

5. On February 18, 2026, Blue Sun filed its then-outstanding monthly operating reports (*i.e.* August though December 2025) as well as the report for January 2026 and corrected most of the other deficiencies asserted in the United States Trustee's motion. As a result, the United States Trustee withdrew his motion on February 20, 2026. (*See* Doc. 73.)

6. Upon the February 18, 2026 filing of those outstanding monthly operating reports, Blue Sun's outstanding quarterly fees were recalculated from $500 to $1,537.

7. On or about March 18, 2026, Blue Sun paid that balance in full.

8. On April 6, 2026, Blue Sun belatedly filed it February 2026 monthly operating report.

9. On April 8, 2026, Blue Sun was billed $1,086 for quarterly fees due for the first quarter of 2026. That fee was due on April 30, 2026.

10. As of June 25, 2026, Blue Sun had again failed to file monthly operating reports when due, this time failing to file reports for March, April and May 2026 when due, and had failed to pay the quarterly fees for the first quarter of 2026 when due.

11. As a result, the United States Trustee filed a second motion for relief under Section 1112(b) of the Bankruptcy Code. (*See* Doc. 92.)

12. On June 29, 2026, Blue Sun filed its overdue March and April 2026 reports, and on July 9, 2026, filed its overdue May 2026 report. (*See* Docs. 96, 97, 104.)

13. On July 13, 2026 Blue Sun paid its overdue fees for the first quarter of 2026, and

on July 15, 2026, paid its fees for the second quarter of 2026.

14. Because Blue Sun had at that time filed its outstanding reports and paid its outstanding quarterly fees, the United States Trustee withdrew his second motion for relief under 11 U.S.C. § 1112(b). (*See* Doc. 108.)

15. On August 26, 2026, Blue Sun belatedly filed its June 2026 monthly operating report. (See Doc. 123.) Since then, Blue Sun has not filed any monthly operating reports. Currently reports for July, August and September 2026 are overdue.

16. In addition, on October 5, 2026, Blue Sun was billed $896 for quarterly fees for the third quarter of 2026, however, because it had overpaid some of its previous fees, only $561 remained due. That $561 was due on October 31, 2026.

17. Blue Sun failed to pay the $561 of fees owed by October 31, 2026, and that amount remains outstanding and overdue.

18. As discussed more fully below, cause exists to convert this case to Chapter 7, or to dismiss it.

## ARGUMENT

19. Section 1112(b) of the Bankruptcy Code generally requires that once "cause" is established the Court must take one of three actions: (1) dismiss a Chapter 11 case, (2) convert it to Chapter 7, or (3) appoint a Chapter 11 trustee. 11 U.S.C. § 1112(b); *In re Landmark Atlantic Hess Farm, LLC,* 448 B.R. 707, 712 (Bankr. D. Md. 2011). Which of the three actions should be taken is determined by the best interests of the creditors and the estate. *Id.*

20. In determining which of the three remedies is appropriate, the Court is to consider

only the best interests of the creditors and the estate. The interest of the debtor is not a factor to be considered. *Lakefront Investors, LLC, v. Clarkson*, 484 B.R. 72, 84-86 (D. Md. 2012).

21. If the moving party establishes "cause," the debtor (or other party-in-interest opposing the motion) can avoid conversion, dismissal, or the appointment of a trustee only by showing:

> i. "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate";
>
> ii. a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> iii. the grounds for converting or dismissing the case include an act or omission of the debtor (a) for there exists a reasonable justification, and (b) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. 1112(b)(2).[1]

22. The Code provides 16 examples of "cause." 11 U.S.C. §1112(b)(4). The list, however, is non-exhaustive and, thus, various non-identified acts or failure to act may also constitute cause. *In re Skeen, Goldman, LLP*, Case No. 07-10535-JS, 2007 WL 4556683 at *4 (Bankr. D. Md., Dec. 20, 2007); *In re AmeriCERT, Inc.*, 360 B.R. 398, 401 (Bankr. D.N.H. 2007).

[1] Where the "cause" shown is the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," conversion, dismissal or appointment of a trustee is required and the exceptions set forth in this paragraph do not apply. 11 U.S.C. § 1112(b)(2)(B).

**Failure to File Monthly Operating Reports**

23. Pursuant to 11 U.S.C. §§ 704(8), 1106(a)(1), 1107(a), and Federal Rule of Bankruptcy Procedure 2015, Chapter 11 debtors-in-possession are required to file operating reports with the Court and the United States Trustee on a monthly basis.

24. The failure to file monthly operating reports constitutes "cause," pursuant to 11 U.S.C. § 1112(b), for the conversion or dismissal of this case. *See Landmark Atlantic*, 448 B.R. at 716-17; *In re All Denominational New Church*, 268 B.R. 536, 538 (8th Cir. BAP 2001); *In re William Steiner, Inc.*, 139 B.R. 356, 358 (Bankr. D. Md. 1992); *see also* 11 U.S.C. § 1112(b)(4)(F) ("cause" includes the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter"). As one bankruptcy court explained:

> Monthly operating reports "are much more than busy work imposed upon a Chapter 11 debtor for no other reason than to require it do something." They are "the life blood" of chapter 11, enabling creditors to keep tabs on the debtor's post-petition operations. Failure to file them -- and to file them timely – is a serious breach of the debtor's fiduciary obligations and "undermines the Chapter 11 process." It is well established, consequently, that a debtor's failure to submit monthly operating reports is "cause" to convert the case or dismiss it.

*In re Rey*, Nos. 04-B-35040, 04-B-22548, 06-B-4487, 2006 WL 2457435 at *8 (Bankr. N.D. Ill. Aug. 21, 2006) (citations omitted); *see also In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) ("[r]efusal or inability to provide financial disclosure [through monthly operating reports] sounds the death knell of a chapter 11 case").

25. Blue Sun has not filed any monthly operating reports since filing its June 2026 report. Reports for July, August and September 2026 are overdue and outstanding.

26. As its history shows, Blue Sun appears to be unable or unwilling to comply with its obligation to file timely monthly operating reports.

## Failure to Pay Quarterly Fees

27. Pursuant to 28 U.S.C. § 1930(a)(6), the Blue Sun is required to pay the United States Trustee a quarterly fee "until the case is converted or dismissed, whichever occurs first." This fee is determined under a sliding scale based upon quarterly disbursements and such disbursements are required to be reported in the monthly operating reports discussed above.

28. Blue Sun has failed to pay the full amount of the quarterly fees due in this case. Blue Sun owes and has been billed for estimated quarterly fees in the amount of $896, for the third quarter of 2026, although only $561 of that needed to be paid since Blue Sun had a credit balance of $335. Those fees could be higher depending upon Blue Sun's disbursements, but its failure to file its July, August and September 2026 reports has made accurate calculation of the applicable fee impossible.

29. Blue Sun's failure to pay quarterly fees in full constitutes cause for dismissal or conversion pursuant to 11 U.S.C. § 1112(b)(4)(K).

## Local Rule 9013 Statement

30. The United States Trustee submits that no novel issue of law is presented with respect to the matters contained herein. Accordingly, pursuant to Local Bankruptcy Rule 9013-2, the United States Trustee states that he is not filing a memorandum of law in support of this

motion and relies solely on the grounds and authorities set forth herein.

## RELIEF REQUESTED

WHEREFORE, the United States Trustee respectfully requests that this Court enter an Order:

(1) Granting this Motion;

(2) Converting to Chapter 7 or in the alternative dismissing this case; and

(3) Granting such other and further relief as is just and proper.

Respectfully submitted,

Matthew W. Cheney,
Acting United States Trustee for Region 4

By: */s/ Hugh M. Bernstein*

Hugh M. Bernstein
Fed. Bar No.: 23489
United State Department of Justice
101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-4300
E-mail: hugh.m.bernstein@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 12, 2026, a copy of the foregoing was sent via first class mail, postage prepaid to:

Blue Sun Scientific, LLC
8017 Dorsey Run Rd
Suite H
Jessup, MD 20794-9372

Dana Zakarian
Smith Duggan Cornell & Gollub LLP
55 Old Bedford Road, Suite 300
Lincoln, MA 01773

Andrew J. Runge
Circle Forensic Consulting, LLC
432 Craighill Drive
Charles Town, WV 25414.

According to the Court's ECF records, electronic notice of this motion should be provided to the following persons:

**Matthew Eliot Abbott** MAbbott@wolawgroup.com, KDriscoll@wolawgroup.com
**Hugh M. (UST) Bernstein** hugh.m.bernstein@usdoj.gov
**Michael Benjamin Brown** mbbrown@milesstockbridge.com, jdiaz@milesstockbridge.com
**Addison J. Chappell** achappell@milesstockbridge.com
**Patricia B. Jefferson** pjefferson@milesstockbridge.com
**Michael David Nord** mnord@gebsmith.com
**Jeffrey M. Orenstein** jorenstein@wolawgroup.com
**Elizabeth Drayden Peters** epeters@gebsmith.com
**US Trustee - Baltimore** USTPRegion04.BA.ECF@USDOJ.GOV
**Maurice Belmont VerStandig** mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email
**Christianna Annette Cathcart** christianna@dcbankruptcy.com

*<u>/s/ Hugh M. Bernstein</u>*
Hugh M. Bernstein